(No. 41729.—

UNIVERSAL BLEACHER COMPANY SERVICE COMPANY, Appellant, *vs.* INDUSTRIAL COMMISSION *et al.*—(Loren E. Hoffman, Appellee.)

*Opinion filed September 26, 1969.*

T. G. Knappenberger, Jr., of Champaign, for appellant.

Summers, Watson & Kimpel, of Champaign, for appellee.

Mr. Justice House delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Champaign County affirming a decision of the Industrial Commission finding that the employee, Loren E. Hoffman, sustained injuries causing complete disability rendering him wholly and permanently incapable of work. He was awarded compensation for a fixed period and thereafter a pension of $1800 per year for life. The sole question is whether the finding that the employee was rendered completely disabled is contrary to the manifest weight of the evidence.

The medical evidence of the several physicians was similar and differed only as to the extent of his inability to work. The employee tried to get work and could find no employment. Much is made of the fact that the employee purchased a few cars, had them parked in his yard, advertised them for sale in a newspaper, and sold them over a period of four or five months at a profit of $600 or $700. These small earnings, realized from "arm chair" sales where some considerable investment was a factor, have little bearing on his ability to work. (*Cf. Equitable Coal and*

*Coke Co.* v. *Industrial Com.*, 313 Ill. 300.) Nor should the fact that this employee attempted to get outside employment, but was unable to get work, weigh against him. He and his wife testified that he could not do housework, or work on the cars he bought for resale and that he had done no manual labor since his injury. This is in contrast to his prior ability to do heavy work, body and fender work and welding. It seems that this man might more appropriately be commended for attempting to earn rather than be condemned.

Our rule that the findings of the Industrial Commission will not be disturbed unless they are manifestly against the weight of the evidence is so well known and firmly fixed that it requires no citation of authority. We are of the opinion that the findings of the Industrial Commission are not contrary to the manifest weight of the evidence and the trial court properly affirmed the Commission's decision.

The judgment of the circuit court of Champaign County is accordingly affirmed.

*Judgment affirmed.*