(No. 42182.—

SKOKIE VALLEY ASPHALT CO., INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HAROLD Q. GRABER, Appellee.)

*Opinion filed May 20, 1970.*

VAN DUZER, GERSHON, JORDAN & PETERSEN, of Chicago, (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel,) for appellant.

WESTBROOK, JACOBSON AND BRANDVIK, of Chicago, (LOWELL H. JACOBSON, of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Harold Q. Graber injured his back on August 13, 1962, while shoveling asphalt for his employer, Skokie Valley

Asphalt Company, Inc. Numerous doctors examined him during the next 2½ years and he was given extensive treatment for his back including several surgical procedures. On August 28, 1967, an arbitrator awarded him compensation for total permanent disability and the sum of $1,233 for medical expense. The Industrial Commission confirmed the award and the circuit court of Cook County affirmed the Commission. The employer appeals directly to this court.

The principal question is whether the finding of total permanent disability is against the manifest weight of the evidence. The record shows that in October, 1962, Doctor Duffy performed a laminectomy; in November, 1962, Doctor Wozniak performed a spinal fusion; in April, 1963, Doctor Narsete performed a right lumbar sympathectomy, and in February, 1965, Doctor Immermann performed a laminotomy. Graber also was examined or received treatment from nine other doctors.

The gist of the employer's argument is that the medical testimony regarding Graber's condition prior to the laminotomy performed by Doctor Immermann in February, 1965, should be disregarded; that Doctors Pease and Markin, who examined him for the employer after that date, both testified that Graber could not do heavy lifting or continuous bending or lifting but he could do sedentary work, and that Doctor Immerman, who testified for the employee, was not asked and did not express an opinion that Graber was totally disabled from any employment. From this evidence, the employer concludes that Graber could work if he chose and that the award of total permanent disability is against the manifest weight of the evidence.

Graber testified that after the last operation he was still experiencing constant pain, and that he could not walk for more than 7 or 8 blocks or lie down for any great length of time without experiencing great pain. He also testified that he asked for work at Skokie Valley Asphalt Company in August, 1964, and about 6 months after the laminotomy he

looked for work pumping gas at Nantz Oils in Libertyville and Clark Oil in Libertyville, as a porter at Tap and Tote Tavern in Libertyville, as a porter in Miller Motors in Waukegan and as a salesman at Solar Window and Door Company in Libertyville. This evidence of constant pain and inability to find employment is sufficient to sustain the finding of permanent total disability. *Universal Bleacher Service Co.* v. *Industrial Com.*, 43 Ill.2d 168; *Jewel Tea Co.* v. *Industrial Com.*, 39 Ill.2d 180; *Union Starch & Refining Co.* v. *Industrial Com.*, 37 Ill.2d 139.

The employer also argues that the award of $1,233 to cover Doctor Immermann's charges for the laminotomy was erroneous because Graber had elected under section 8(a) of the Workman's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.8(a)) to secure his own physician at his own expense. There is sufficient evidence to show that this further surgery was necessary and the employer was aware that further surgery was necessary. See *Jewel Tea Co.* v. *Industrial Com.*, 39 Ill.2d 180.

The Commission's findings are not against the manifest weight of the evidence, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*