BOLIN, Judge.
On August 3, 1967, Archie G. Williams, while in the course and scope of his employment as a truck driver for Red Barn Chemicals, Inc., suffered a back injury when a front wheel came off the truck he was driving causing it to go into a ditch. He obtained a judgment for total and permanent disability benefits under the Workmen’s Compensation Act, and Red Barn Chemicals and its insurer, Home Indemnity Company, appeal. Plaintiff answers the appeal seeking penalties and attorney’s fees.
At the time of the injury plaintiff was fifty-two years of age and had been employed as a long-distance truck driver for many years. For several months prior to the time of the accident Williams had been employed by Red Barn, driving a large diesel truck several hundred miles a day transporting chemicals and fertilizer. According to the testimony of the manager of Red Barn and its plant superintendent, it was often necessary for Williams to assist in loading and unloading the truck. While it was customary for the extensive loading operations to be done by personnel other than the truck drivers, it was considered as a part of a driver’s duties to load or unload products weighing from 25 to 100 pounds.
Plaintiff was injured near Marshall, Texas, and was taken to a hospital in that city for emergency treatment. He was removed the same day to a hospital in Shreveport, Louisiana, where he remained until August 19, 1967. He was examined and treated by Dr. Margaret Akin, a general practitioner, and Dr. Don H. Burt, an orthopedic surgeon, who treated plaintiff regularly from August, 1967 until March, 1968. It is undisputed plaintiff received a compression fracture, with some fragmentation, involving the first lumbar vertebra *397 which was compressed 60% to 70%, leaving the vertebra less than one-half its original height. Plaintiff was treated conservatively and placed in a brace.
Dr. Akin dismissed plaintiff in January, 1968, as being able to return to work although he was still having stiffness and some pain in his back. He was advised to refrain from stooping or lifting.
Dr. Burt testified the healed compressed fracture had left plaintiff with a permanent stiffness in his back which he estimated as causing a 20% disability of the body as a whole. Although Dr. Burt was of the opinion plaintiff’s back would be as strong as it was before, he expressed the further opinion lifting heavy objects would probably cause him substantial pain. He also concluded it was probable Williams would have pain if he drove a truck for long periods of time. In conclusion, when asked how he would evaluate Williams if he were sent to him for a pre-employment examination, he stated he could not give plaintiff a “clean bill of health”, since on the basis of the X-ray findings he would have to make a diagnosis of an old compression fracture, with the fusion of one vertebra to the body above and below.
Williams returned to his employment with Red Barn on January IS, 1968, but was instructed by his superiors to avoid any heavy lifting. He continued to work for Red Barn until his employment terminated due to reasons unconnected with his conduct or injuries. Soon thereafter he obtained employment as a truck driver with Earl Gibbons Transport Company, where his duties consisted of transporting petroleum products in tank trucks without any necessity for lifting heavy objects. He worked for Gibbons for approximately two months and quit because he was not assigned enough trips to enable him to earn a living. He then went to work for Meyers Brothers Produce Company as a truck driver and worked from February to September, 1969. He lost his job with this company when the latter went out of business.
Plaintiff testified that at all times after he started back to work following the accident his back bothered him when he drove long distances, but he continued to work in pain in order to earn a living. Prior to his injury he said he could drive ten hours a day, whereas after he returned to work he would have to take frequent breaks, take anacin and lie down to rest his back. He further stated that when he attempted to lift any heavy objects he experienced substantial pain with consequent soreness and stiffness.
Counsel for appellant has cited several cases in his brief before this court to the effect that plaintiff,must prove his claim by a preponderance of the evidence, and that speculation, conjecture and mere possibility are not sufficient to support a judgment for workmen’s compensation benefits. Citations are also given for the principle that an employee is not entitled to recover compensation where he suffers only minimal pain in performing the ordinary and normal duties of his trade or profession; to be compensable the pain must be substantial. Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965). The third principle relied on by appellant is that a workman is not totally disabled when he continues to do the same kind of work he was doing before he was injured. Scarborough v. Nichols Construction Company (La.App. 1 Cir. 1959), 110 So.2d 811.
We have examined all cases cited by counsel for appellant and have no quarrel with those decisions. However, we think the law is clear that in a compensation case a workman is entitled to recover for total and permanent disability benefits unless he is able to perform substantially all the duties he was performing at the time he was injured without suffering significant pain. We do not interpret any of the cited cases to hold contrary to this principle of law.
Our review of this record convinces us this employee has a permanent in *398 jury to his back which leaves him with a 20% disability of the body as a whole. We find that at the time Williams was injured he was driving a truck long distances; that a substantial part of his duties included the lifting of heavy objects; that at the time of trial he was unable to return to the type of work he was doing when he was injured except with great pain. The fact that he continued to work in pain as a truck driver and tried to earn a living should not penalize him and prevent him from recovering compensation benefits. McClelland v. Liberty Mutual Insurance Company (La.App. 2 Cir. 1965), 180 So.2d 19; Watson v. Floyd Electric Company, Inc. (La.App. 1 Cir. 1954), 75 So.2d 361.
In order to allow an injured employee to recover penalties and attorney’s fees, it must be shown the failure to pay benefits was arbitrary and capricious. Plaintiff was paid compensation benefits from the time of his injury until he returned to work. Since the case presents a close question as to liability, we do not think the action of the employer’s insurer in discontinuing payments was arbitrary or •capricious.
For the reasons assigned, the judgment is affirmed at appellants’ cost.