PRICE, Judge.
This is a workmen’s compensation proceeding brought by Rogers Crow, a pulpwood producer, against Sam Jones and Sam Jones, Inc., a dealer in Minden, Louisiana.
Plaintiff claims benefits for a total and permanent disability resulting from an accidental injury received May 15, 1967, while loading pulpwood destined for delivery to the International Paper Co. wood-yard in Minden for the account of Sam Jones, Inc. In the initial trial of the matter *707 the primary issue before the court was whether the relationship between plaintiff and Jones was either employee or independent contractor, which would afford coverage under the compensation statute, or vendor-vendee, for which no cause of action would exist. This issue was resolved by this court in our opinion handed down March 3, 1970, reported at 233 So.2d 58. We found coverage under the compensation statute as we concluded plaintiff’s status to be either an employee or an independent contractor performing manual labor.
We remanded the case to allow further evidence to be presented and for the trial court to make a determination of the extent and duration of plaintiff’s disability and the appropriate weekly earnings on which compensation benefits should be based. In accordance with the opinion of this court additional evidence was taken by the district court on June 17, 1971, and thereafter the trial judge found plaintiff to be totally and permanently disabled and entitled to benefits of $35 per week (the maximum under the statute at the time of the injury), beginning May 15, 1967, and not to exceed 400 weeks. Medical expenses in the sum of $1,771.34 were also awarded to plaintiff.
Sam Jones and Sam Jones, Inc., who were cast in solido in the formal judgment signed in accordance with this finding of the court, have appealed suspensively, asserting the trial court’s finding is not supported by the evidence.
On the original trial of this cause on March 27 and April 3, 1968, most of the evidence was concerned with the nature of the work relationship between Crow and Jones. The medical evidence bearing on the question of the extent and duration of Crow’s disability consists of copies of medical reports of Dr. W. W. Fox, an orthopedic surgeon, depicting the treatment and progress of Crow from May 16, 1967, through February 29, 1968. Crow was injured on May 15, 1967, when a log fell against his left leg causing a fracture of the left ankle and a severing of the posterior tibial tendon. He was referred to Dr. Fox by the attending physician, Dr. Daniel of Minden, and was operated on the day following the accident. He was discharged from the hospital on May 22 and on June 30 he was directed to begin weight bearing on his ankle. After an attempt to place weight on the ankle, swelling occurred and on October 13, 1967, Dr. Fox diagnosed plaintiff had possibly developed post traumatic arthritis in the ankle and recommended an operative procedure known as a “Charnley compression arthrodesis” for correction of this condition. This operation was performed on October 20, 1967, and according to Dr. Fox’s report of an examination of plaintiff on December 29, 1967, the ankle was well healed and the operation successful. Plaintiff was advised to begin gradual weight bearing. On February 2, 1968, Dr. Fox’s report showed further improvement and plaintiff was allowed to begin truck driving. On February 29, 1968, plaintiff reported to Dr. Fox he was having some pain after driving the truck. He was advised to continue driving and to return for further examination and x-rays within two or three weeks. Plaintiff never returned to Dr. Fox and as far as the record shows, has sought no further medical attention for his ankle since February 29, 1968.
Defendants do not question the disability of plaintiff for the period of time he was under medical treatment by Dr. Fox. The primary issue in dispute is whether this disability has been shown to have continued for more than two or three weeks after plaintiff’s last visit to Dr. Fox on February 29, 1968. The defendants contend that the evidence shows plaintiff had resumed work by April of 1968, although producing for another dealer, and has earned as much or more since that time as he made prior to his injury while producing wood under defendant’s quota with International Paper Co.
*708 Defendants argue that the failure of plaintiff to have offered any further medical evidence at the second trial on June 17, 1971, or the testimony of co-workers to corroborate his own testimony that he had not recovered sufficient use of his ankle to “hold out” when performing the manual labor connected with the pulpwood producing, does not sustain the burden of proof required of him to establish his claim to a legal certainty by a reasonable preponderance of the evidence.
As shown by the record, plaintiff’s method of operation as a producer of pulpwood was as follows:
Plaintiff owned the necessary trucks and equipment used in the production of pulpwood. He hired a crew of from one to three men to help in this operation. Plaintiff usually drove the truck and did some of the cutting and loading. All sawing was done by the use of power chain saws. Unloading of the truck at the woodyard was entirely by mechanical equipment. The evidence also reflects that the trucks used by plaintiff were equipped with a loader to facilitate the loading onto the trucks of the racks of pulpwood in the woods.
Plaintiff delivered pulpwood to the International Paper Co. woodyard in Minden for the account of the dealer for whom he was producing and was paid on a per cord basis by the dealer. Certain deductions were made by the dealer for stumpage, equipment financing payments, etc. After payment of labor costs for helpers, the remainder was the profit made by the producer. Plaintiff substantially followed the same procedure while delivering to defendants prior to the accident and in his producing for Smith & Campbell, with whom he has dealt since resuming production after his injury.
The evidence shows that plaintiff’s gross production of pulpwood was as much or greater in 1969, 1970 and for the first part of 1971 than prior to the injury in 1967. The evidence does not show that he had to hire more labor to achieve this same production during the years since the injury.
Plaintiff relies on the case of Williams v. Red Barn Chemicals, Inc., 240 So.2d 395 (La.App.2d Cir.1970), in which this court held that a workman is entitled to recover benefits for total and permanent disability unless he is able to perform substantially all duties he was performing at the time of injury without suffering significant pain. We do not find the plaintiff has offered sufficient proof to bring him within the holding of the Williams case. We have no evidence other than the testimony of plaintiff to show any present inability or for what period of time his temporary disability caused by the injury extended past his last medical examination on February 29, 1968. To the contrary, the comparative record of gross production before and after the injury is indicative that he is not disabled to carry out the same functions as done prior to the injury. It is only reasonable to assume that had plaintiff continued to have pain after progressively resuming his usual activities in April, 1968, he would have returned to Dr. Fox as instructed.
Plaintiff offers no explanation of why he did not offer the testimony of any members of his work crew to corroborate his contention he has become disabled to perform some of the duties he previously performed in producing pulpwood. On the issue of burden and sufficiency of proof, we think the instant case falls within our expression of the law in Clevinger v. Continental Insurance Companies, 211 So.2d 718 (La.App.2d Cir.1968), as follows:
“We recognize the rule that an employee who continues to work after an injury by suffering substantial pain will not be precluded from compensation benefits because of his work record. It is incumbent on plaintiff, however, to prove by a preponderance of the evidence that although she continued to work, she was physically unable to do so without suf *709 fering substantial pain as a result of the injury she received. The same burden exists in a workmen’s compensation case that prevails in ordinary civil cases. Green v. A. C. Campbell Construction Co., La.App., 78 So.2d 54 (2d Cir., 1955).”
Plaintiff contends the defendant in a workmen’s compensation proceeding has the right to have the claimant examined by his own expert and as defendant did not do so in this case, the unrebutted testimony of plaintiff as to his continuous disability is sufficient to prove his case. We cannot agree with this proposition. The mere failure of defendants to utilize this discovery procedure in preparation of their case does not lessen the burden of the plaintiff to prove his case to a legal certainty by a reasonable preponderance of the evidence.
We do not find the evidence sufficient to establish that plaintiff’s disability extended beyond the date of April 3, 1968 (the date of the conclusion of the original trial).
The trial judge found the evidence on plaintiff’s earnings to establish his entitlement to the maximum weekly benefits of $35 per week provided by the law at the time of plaintiff’s injury. We find no error in the trial court’s conclusion in this regard. The total of medical expenses to which plaintiff is entitled were stipulated by the parties.
For the foregoing reasons the judgment appealed from is amended insofar as the second paragraph awarding weekly benefits to plaintiff is concerned and this portion of the judgment is recast as follows:
It is ordered, adjudged and decreed that there be judgment in favor of Rogers Crow and against Sam Jones and Sam Jones, Inc., in solido, in the full sum of $35 per week, beginning May 15, 1967, and extending to the date of April 3, 1968 together with interest at the rate of 5% per an-num from maturity of each weekly payment from due date until paid.
In all other respects the judgment appealed from is affirmed at appellant’s cost.