290 So.2d 769 (1974)
Sidney L. MONTGOMERY
v.
DELTA CONCRETE PRODUCTS COMPANY, INC., and Liberty Mutual Insurance Company.
No. 9697.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
Rehearing Denied March 18, 1974.
Writ Refused May 24, 1974.
*770 Robert J. Vandaworker, Baton Rouge, for appellant.
Paul H. Due, Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Delta Concrete Products Company, Inc. (Delta) and its insurer, Liberty Mutual Insurance Company (Liberty) appeal a judgment awarding plaintiff, Sidney Montgomery, workmen's compensation benefits for total permanent disability resulting from a back injury found to have been sustained *771 while Montgomery was in Delta's employ. We affirm.
Two basic issues are presented for review: (1) Did plaintiff's injury stem from an accident arising within the scope and during the course of his employment, and (2) Did plaintiff's injury continue to the time of trial on February 20, 1973?
Appellants maintain plaintiff's claim should be rejected for lack of corroborative proof of an accident. This matter involves plaintiff's credibility. It also involves consideration of certain relevant background information regarding plaintiff's employment which is either undisputed or established in the record.
Plaintiff was a long time employee of Delta whose principal business is selling ready-mix concrete for construction purposes. Delta also manufactures and sells, from its premises, pre-cast concrete steps and concrete slabs of varying sizes, weighing from 50 to 150 pounds, the latter being used generally as foundations for exterior air conditioning units. In addition, Delta sold cement packaged in bags weighing approximately 90 pounds. At the time of the accident, plaintiff's title was Dispatcher and Plant Superintendent, in which capacity he was second in command to Delta's President, Victor L. Holland. Plaintiff was an efficient, conscientious, hardworking employee who kept no regular hours. He came to work early and stayed late when the occasion demanded. Plaintiff's principal duties were to supervise the routing of trucks of ready-mix concrete to job sites as required. Although not required to do manual labor, plaintiff, with some frequency, loaded bags of cement and assisted laborers in loading concrete slabs onto customers' trucks, particularly when such sales were made in late afternoon after some personnel were gone for the day. It was plaintiff's custom to do whatever needed to be done, which practice was known to plaintiff's superior, Holland. Delta had an established policy that all accidents were to be immediately reported to the injured employee's superior, who in turn reported the accident to Mrs. Loretta Theriot, Secretary. Mrs. Theriot promptly made a report to Delta's insurer, and saw that the employee received immediate medical attention. Plaintiff was thoroughly familiar with the policy regarding accidents, and frequently reported to Mrs. Theriot accidents which had befallen subordinates. Plaintiff did not report his accident to Mrs. Theriot. Liberty had no notice of the accident until plaintiff filed suit for compensation benefits.
Shortly prior to November 29, 1971, plaintiff began to experience severe back pain. Plaintiff sought medical aid on November 29, 1971. It developed that plaintiff had sustained a herniation of the 4th lumbar disc on the left side. The condition was corrected by surgery performed February 4, 1972.
Plaintiff testified he injured his back a few days before he consulted Dr. Ewell C. Kemp, M. D., on November 29, 1971. Plaintiff stated he first had an accident while loading bags of cement weighing about 94 pounds onto a customer's truck. He stepped off an incline of about four to six inches and sprained his back. The following day plaintiff was in the storage shed handling some concrete slabs, at which time a laborer, Alex Dupree, was present. While attempting to turn over a slab, plaintiff reinjured his back. He told Dupree of the incident, and also reported to Holland that he, plaintiff, had injured his back "out there". Plaintiff used a heating pad for several days to ease his pain. His condition worsened, and he consulted Dr. Kemp on November 29, 1971. Plaintiff conceded he did not mention an accident to Mrs. Theriot as he was of the opinion that his notifying Holland was sufficient. He also testified that when he informed Holland about the accident, Holland suggested that plaintiff consult a chiropractor. Plaintiff also stated he had a prior accident in which he sustained a slight arm injury, which accident he verbally reported to Holland without filing a *772 report with Mrs. Theriot. The occurrence of the accident in which plaintiff's arm was injured is fully corroborated by the testimony of subordinates.
Dr. Kemp first saw plaintiff on November 29, 1971, at which time plaintiff complained of back pain which Dr. Kemp originally felt was due to prostatitis. Despite treatment, plaintiff's pain persisted and radiated down into the left leg and foot notwithstanding the prostatitis cleared up. On January 3, 1972, Dr. Kemp found plaintiff somewhat improved. Plaintiff returned January 10, 1972, in much worse condition whereupon Dr. Kemp referred plaintiff to Dr. Thomas B. Flynn, Surgeon. Dr. Kemp was of the impression plaintiff had a herniated intervertebral disc. His report makes no mention of the cause of plaintiff's trouble.
Dr. Thomas B. Flynn performed surgery to relieve plaintiff's condition on February 4, 1972. His report, offered in lieu of his testimony, indicates that plaintiff related a history of spontaneous onset of back pain approximately five weeks prior to the operation.
Dr. Homer Kirgis examined plaintiff on August 29, 1972. His report discloses plaintiff reported commencement of low back pain in November, 1971, for no apparent reason.
Robert Young, insurance salesman, testified he sold plaintiff a health and accident policy in 1962. The policy provided benefits of $200.00 monthly for life in the event of total-permanent disability accidentally caused, and $200.00 monthly for two years for such disability resulting from nonaccidental causes. He stated that in 1972, plaintiff made a claim for benefits, but failed to answer a form question asking whether disability resulted from accidental or other causes. Young said he consulted plaintiff about the matter and was told there had been no accident, but that the condition "just came on". Young stated he relayed this information to his company. He admitted that if plaintiff's condition was caused by accident, plaintiff would be entitled to lifetime benefits. It is significant to note that plaintiff denied telling Young that plaintiff did not have an accident. Plaintiff explained that the claim was sent in by Dr. Flynn, and that when plaintiff spoke to Dr. Flynn about the report sent the insurance company, Dr. Flynn stated he would correct the report if plaintiff needed to do so in regard to plaintiff's compensation suit.
Mrs. Theriot testified plaintiff never reported an accident to her. She also stated she had no knowledge of an accident until plaintiff filed suit. She admitted, however, that it would not have been unusual for plaintiff to report directly to Mr. Holland concerning an accident involving plaintiff.
Mr. Holland testified he noticed plaintiff walking around the office "bent over" for several days. He inquired of plaintiff as to the cause, and was told plaintiff did not know. He stated that plaintiff later told him that plaintiff's condition "just came on". At this juncture, Holland advised plaintiff to see a chiropractor. He added that plaintiff never mentioned an accident and never filed an accident report.
Alex Dupree, laborer, testified that plaintiff occasionally helped Dupree handle concrete slabs. He added that on one such occasion, plaintiff told him that plaintiff had injured his back the previous day.
Over appellants' objection, Mrs. Montgomery testified her husband told her he had injured his back while working at the plant about a week before plaintiff first saw Dr. Kemp. She also said plaintiff attempted to relieve his pain by using a heating pad at night, but when the pain persisted, plaintiff sought medical aid.
Appellants also produced testimony from Paul Stevens, Andrew Williams and William Hutchinson, employees having daily contact with plaintiff. All testified that plaintiff at no time mentioned having had an accident.
*773 Appellants contend that if plaintiff had had a work related accident, he would have reported the matter to either Holland or Mrs. Theriot, or would have mentioned it to someone at the plant. They also contend that plaintiff would have reported an accident either to Dr. Kemp, Dr. Edelman or Dr. Kirgis. Finally, they assert plaintiff would surely have reported an accident to the insurer with whom plaintiff filed a claim for benefits because accidental disability would have meant receipt of lifetime payments.
Our jurisprudence is settled to the effect that in workmen's compensation cases, as in other civil matters, plaintiff must establish his claim for benefits by a preponderance of evidence. Fontenot v. Liberty Mutual Insurance Company, La.App., 230 So.2d 402.
By preponderance of evidence is meant that the evidence, as a whole, must establish it to be more probable than not that an employee's injury resulted from a work connected accident. In making such a determination, great weight is attached to the trial court's evaluation of the credibility of witnesses. Matte v. Power Rig Drilling Company, La.App., 260 So.2d 19, and cases therein cited.
The testimony of an employee alone may establish a work related disabling accident where such testimony is corroborated by other credible evidence. Delafosse v. Industrial Painters, Inc., La. App., 199 So.2d 559.
In workmen's compensation cases, the ordinary rules of evidence are relaxed, and courts are not bound by rules of evidence or technical procedure. LSA-R.S. 23:1317. In view of said statutory provision, hearsay testimony is admissible in a suit for workmen's compensation benefits within discretionary limits. Arrington v. Singer Sewing Machine Company, La. App., 16 So.2d 145; Doss v. American Ventures, Inc., La.App., 224 So.2d 470, writ refused, 254 La. 829, 227 So.2d 373, appeal after remand, La.App., 248 So.2d 358, reversed on other grounds, 261 La. 920, 261 So.2d 615.
The trial court, in a well reasoned opinion, found sufficient corroboration of plaintiff's testimony in the testimony of Dupree and Mrs. Montgomery. Based on plaintiff's long years of conscientious service, the trial court accepted plaintiff's explanation of plaintiff's failure to report the accident to plaintiff's employer. Additionally, the trial judge believed plaintiff's explanation that Dr. Flynn's report was in error, and accepted plaintiff's testimony to the effect that plaintiff had told Dr. Flynn plaintiff was injured accidentally.
It is well settled that the findings of fact of a trial court, especially a finding based on credibility of witnesses, will not be disturbed on appeal unless shown to be manifestly erroneous. We find no such error in this instance.
Appellants concede that plaintiff sustained temporary total disability following surgery on February 4, 1972, but maintain such disability has ceased, and plaintiff is now capable of returning to his former occupation which is merely supervisory and does not require physical exertion. Plaintiff contends he is incapable of resuming his former employment because of continued pain.
Plaintiff testified that since his operation, he has constantly suffered from intense pain in his back and left leg to the extent he is unable to perform even moderate strenuous activity. Plaintiff explained his condition as follows: "Well, there's a very little bit of anything I can do without getting to hurting so bad that I have to lay down and rest." Plaintiff's complaints of persistent intense pain were corroborated by Mrs. Montgomery who testified. She stated that plaintiff is in continuous pain and unable to do any work whatsoever.
On July 23, 1972, almost six months following surgery, plaintiff consulted Dr. *774 Flynn complaining of persistent back and leg pains. Dr. Flynn performed a myelogram which disclosed no definite evidence of recurring disc difficulty. A report made by Dr. Flynn on August 1, 1972, does not evaluate the degree of plaintiff's disability, but indicates no further surgery was necessary at that time. The report also indicates that Dr. Flynn encouraged activity as vigorous as plaintiff could tolerate.
Plaintiff was examined by Dr. Kirgis on September 5, 1972. Dr. Kirgis found considerable improvement in plaintiff's condition and recommended continued heat therapy. He also suggested that plaintiff continue sleeping on a hard bed, and that plaintiff take analgesics for pain relief as needed. Dr. Kirgis expressed the opinion that it was merely a matter of time until plaintiff's then present discomforts would clear more completely, and plaintiff would be able to resume his former employment. Dr. Kirgis examined plaintiff again on December 26, 1972. Plaintiff reported a continuation of pain in the low back and left leg to the same degree as existed on plaintiff's September examination. Plaintiff also reported having been hospitalized in a governmental institution since September of 1972. Dr. Kirgis was of the opinion that plaintiff had responded satisfactorily to the surgery. He found plaintiff suffering from a 15% disability and felt that plaintiff could then perform light work and should soon be able to perform the duties required of plaintiff as dispatcher for a concrete company.
It is well settled that an injured employee is not required to work in substantial or appreciable pain. An employee is deemed totally disabled when he is unable to perform substantially all of his duties because of significant or appreciable pain. Williams v. Red Barn Chemicals, Inc., La.App., 240 So.2d 395; Bushnell v. Southern Farm Bureau Casualty Ins. Co., La.App., 271 So.2d 267. The trial court found from the medical and corroborative lay testimony that plaintiff was totally disabled because of inability to perform the duties of plaintiff's employment without significant pain. We find no manifest error in this determination.
In a workmen's compensation case, a judgment for total permanent disability should be awarded where the record shows that the injured employee is totally disabled notwithstanding the future duration of such disability may be in doubt. Deville v. The Travelers Insurance Company, La.App., 176 So.2d 824; Bushnell v. Southern Bureau Casualty Ins. Co., above. Under the circumstances, the trial court properly awarded plaintiff recovery of benefits for total permanent disability. The trial court also properly noted that, in such instances, the employer is afforded the remedy of a re-examination of plaintiff after six months, as provided by law, should the employer have reason to believe plaintiff's disability may have ceased.
The judgment of the trial court is affirmed; all costs to be paid by Appellants.
Affirmed.