630 P.2d 690

Barbara KNAPP (Ruckdashel), Claimant-Appellant,

v.

BROTHERTON'S, INC., Employer, and Industrial Indemnity Company, Surety, Defendants-Respondents.

No. 13224.

Supreme Court of Idaho.

July 8, 1981.

---

Kenneth L. Anderson, Lewiston, for claimant-appellant.

Michael E. McNichols, Orofino, for defendants-respondents.

PER CURIAM.

This is an appeal by claimant from an order of the Industrial Commission awarding the claimant-appellant partial permanent disability of 20% of the whole person. We affirm.

Claimant-appellant's first contention is that the Commission erred by failing to find a total permanent disability. Claimant-appellant argues that the Commission failed to consider her testimony that she is unable to work and is totally disabled as a result of the pain. Claimant-appellant argues that neither the medical experts nor the Commission gave any consideration to the factor of pain in making its award of only 20% disability. We disagree. Both medical experts indicated that claimant-appellant suffered mild to moderate pain and that they considered the factor of pain when they rated her disability of 20% of the whole person. The Commission noted that their own personal observation of claimant-appellant led them to concur in the doctors' evaluation. The Commission found that claimant-appellant suffered mild to moderate pain and considered the factor of pain in their determination of disability. Those findings, which as to both form and content are commendable, are supported by substantial and competent evidence and in turn support the award to claimant-appellant of a partial permanent disability of 20% of the whole person. Hence, they will not be disturbed on appeal. *See* Id. Const. art. 5, § 9; I.C. §§ 72–724, 72–732; *Roper v. Guerdon Industries, Inc.*, 102 Idaho 19, 624 P.2d 401 (1981); *George v. American Smelting & Refining Co.*, 101 Idaho 781, 621 P.2d 397 (1980); *Dick v. Amalgamated Sugar Co.*, 100 Idaho 742, 605 P.2d 506 (1979).

Claimant-appellant also contends that the Commission erred in failing to find that she falls within the "odd-lot" category as set forth in *Reifsteck v. Lantern Motel & Cafe*, 101 Idaho 699, 619 P.2d 1152 (1980) and *Lyons v. Industrial Special Indemnity Fund*, 98 Idaho 403, 565 P.2d 1360 (1977). As noted in *Reifsteck, supra*, the determination of whether the appellant falls within the "odd-lot" classification is a factual one. Here the Commission found that there were employment opportunities available to the appellant in her geographical area which she was able to perform with reasonable regularity. That finding is also supported by substantial and competent, albeit conflicting, evidence, and will not be set aside on appeal. That finding precludes the application of the "odd-lot" classification.

The decision of the Industrial Commission is affirmed.