766 P.2d 763

**Robert GRAYBILL, Claimant–Appellant,**

**v.**

**SWIFT & COMPANY, Employer, and Royal Insurance Company, Surety, Defendants–Respondents.**

**No. 16520.**

Supreme Court of Idaho.

Oct. 14, 1988.

Emil F. Pike, Jr., Twin Falls, for claimant-appellant.

Penland & Munther, Boise, for defendants-respondents. Paul S. Penland, argued.

BAKES, Justice.

Claimant sustained an industrial accident and injury while employed by respondent Swift & Company. The doctors diagnosed claimant as having a back strain, accompanied by complaints of back pain and right and left thigh pain. No objective orthopedic or neurological changes were found by any of the examining physicians. At the time of the hearing claimant was engaged in employment which provided him a salary equal to that which he earned prior to his

accident, although claimant claimed to be under constant pain from the accident.

The claimant's treating physician rated claimant as having a 10% permanent partial impairment of the whole man, based primarily upon his subjective complaints of pain. The employer's expert medical testimony initially rated claimant as having an impairment of 3%, based upon his subjective complaints of pain, but following the viewing of a surveillance film shown at a second hearing before the commission, this medical evidence was revised to rate the impairment as 0%. In an apparent compromise decision, the commission found that claimant had an impairment rating of 6½% of the whole man which, according to the commission, was "based primarily upon claimant's pain complaints." After considering claimant's age, education, work experience and the other non-medical factors provided for in I.C. § 72–425, the commission made its finding of fact that claimant's "impairment of 6½% of the whole man, which is based primarily upon claimant's pain complaints, accurately reflects claimant's loss of ability to engage in gainful activity." Accordingly, the commission determined that claimant's permanent disability under I.C. § 72–423 [1] was 6½% of the whole man.

Claimant appeals, alleging that the commission did not consider his subjective complaints of pain in arriving at his permanent disability. Under the Workmen's Compensation Law, the injured party's entitlement to disability benefits is based upon a "permanent disability evaluation" which, under I.C. § 72–425, is "an appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of *permanent impairment* and by pertinent *non-medical factors* provided in section 72–430, Idaho Code [including age, sex, education, economic and social environment]." (Emphasis added.) The permanent impairment portion of that analysis, as defined in I.C. § 72–422 "is any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved and which abnormality or loss, medically, is considered stable or nonprogressive at the time of evaluation."

The commission's finding that claimant had a permanent *physical impairment* of 6½%, based primarily upon his subjective complaints of pain, is not challenged by the claimant. Rather, the claimant challenges the commission's failure to enhance his disability rating, over and above the impairment evaluation, because of the nonmedical factors set out in I.C. § 72–425. He argues that his subjective pain complaints should have been considered as one of the nonmedical factors. However, this Court has recognized that a permanent disability rating need not be greater than the impairment rating if, after consideration of the non-medical factors in I.C. § 72–425, the claimant's "probable future ability to engage in gainful activity" is accurately reflected by the impairment rating. Where a claimant has produced "no significant evidence in the record which bears on a disability in excess of the permanent impairment rating," an additional award in excess of the impairment may not be sustained. *Smith v. Payette County,* 105 Idaho 618, 622, 671 P.2d 1081, 1085 (1983).

The primary purpose of an award of permanent disability is to compensate the claimant for a reduction in the claimant's capacity for gainful activity. I.C. § 72–425. In *Bennett v. Clark Hereford Ranch,* 106 Idaho 438, 440–41, 680 P.2d 539, 541–42 (1984), this Court stated that the test for determining whether a claimant has suffered a permanent disability greater than permanent impairment is "whether the physical impairment, taken in conjunction with non-medical factors, has reduced the claimant's capacity for gainful activity." Here the Industrial Commission specifically found that the claimant's impairment rating of 6½% "accurately reflects claimant's loss of ability to engage in

---

1. **"72–423. Permanent disability.**—'Permanent disability' or 'under a permanent disability' results when the actual or presumed ability to engage in gainful activity is reduced or absent because of permanent impairment and no fundamental or marked change in the future can be reasonably expected."

gainful activity." That finding was sustained by evidence in the record. Claimant's lumbar strain had, according to the doctors' testimony, become medically stable and had reached a maximal point of medical recovery. There was no objective evidence of injury, and claimant was able to continue working at a salary equal to that which he earned prior to the accident. The Industrial Commission's finding that claimant's *permanent disability* is 6½% of the whole man is supported by substantial competent evidence and is affirmed.

■ Claimant further argues that the commission's conclusion of law number 2 was erroneous because it indicates that the commission did not consider his chronic pain in arriving at its disability evaluation. We disagree. While conclusion of law number 2 could perhaps be worded better, when read as a whole, and particularly when read in conjunction with the commission's finding of fact that the "impairment of 6½% of the whole man, which is based primarily upon claimant's pain complaints, accurately reflects claimant's loss of ability to engage in gainful activity," conclusion number 2 demonstrates that the commission properly understood the role of the impairment evaluation, augmented by nonmedical factors, in arriving at a disability evaluation. In its conclusion of law number 2 the commission noted that if an impairment evaluation had been based solely upon a "discrete physiological deficit," without considering subjective limitations such as chronic pain, then it would be appropriate to separately consider pain in arriving at the disability evaluation. However, the commission in conclusion of law number 2 noted that, "Where, as here, the impairment evaluation performed by the medical experts pursuant to I.C. § 72–424 include[d] such subjective factors as pain," it was unnecessary for the commission to add a further disability award for pain pursuant to I.C. § 72–425.

The ultimate issue in any disability compensation case is the "permanent disability evaluation" under I.C. § 72–425 which is "an appraisal of the injured employee's present and probable future ability to engage in gainful. activity...." Here, the commission resolved that issue, finding that the "6½% of the whole man [rating] which is based primarily upon claimant's pain complaints, accurately reflects claimant's loss of ability to engage in gainful activity." That finding is supported by the evidence in the record. Accordingly, the order of the Industrial Commission is affirmed.

Costs to respondent. No attorney fees allowed.

SHEPARD, C.J., and JOHNSON, J., concur.

HUNTLEY, Justice, concurring specially.

I concur in the result reached by the Commission and the majority opinion of Justice Bakes, while disapproving of one of the concepts which may or may not be intentionally expressed by the Commission.

The Commission in Conclusion No. II states:

> In many cases, a claimant suffers a physical impairment, and the rating rendered for that impairment not adequately compensate the claimant for the loss of ability to engage in gainful activity. Such a circumstance occurs when the impairment is based upon *discrete physiological deficits*, such as loss of range of motion, but which does not include more subjective limitations, such as those caused by chronic pain. Where, as here, the impairment evaluation performed by the medical experts pursuant to I.C. § 72–424 includes such subjective factors as pain, it may not be appropriate for the Commission to add a further disability award pursuant to I.C. § 72–425. The Commission concludes that such is the case here. (Underscore added).

If what the Commission meant to say was that when pain has been considered in determining impairment, it cannot be further considered in connection with the nonmedical factors which might result in a disability rating higher than that rating

based upon impairment alone, then I believe the Commission would be wrong.

In other words, pain might limit the physical range of motion of a person's back resulting in an impairment of a certain percentage of the whole man. The presence of that pain, considered in connection with the nonmedical factors, also might justify a disability rating higher than the impairment rating.

Since I think the Commission understands the foregoing concepts and merely had inadvertent wording in its opinion, I concur in the result reached by the majority.

BISTLINE, Justice, dissenting.

I cannot countenance the result reached by the majority and therefore dissent. What follows is an alternative version which, unfortunately for both Mr. Graybill and the state of the law in this jurisdiction, did not garner a majority. The reader can judge which one properly applies our worker's compensation statutes and precedent to the record in this matter.

It is not disputed that claimant sustained a compensable industrial injury while employed by respondent Swift & Company. The sole issue presented is whether the Commission erred in rejecting any consideration of chronic pain as a criterion in establishing claimant's disability. The Commission's finding of 6.5 percent physical impairment of the whole person was based on a medical determination that the claimant's injuries inflicted chronic pain. For reasons explained below, we conclude that the Commission erred and therefore reverse and remand for further proceedings.

The treating physician diagnosed a mild intervertebral disc syndrome. On subsequent examinations claimant complained of back pain, right thigh pain and occasional left thigh pain. No objective neurological defects were found. The treating physician rated claimant as having a 10 percent permanent partial impairment on the whole person basis. He concluded that claimant could work within limits, but should not lift items over 50 pounds. Another physician rated his impairment at 3 percent, but following the viewing of a surveillance film shown at a second hearing before the Commission, revised his rating to zero percent. A vocational consultant testified that as a result of the injury claimant Graybill sustained a loss in his ability to engage in gainful activity such as a heavy duty laborer. He concluded that claimant would be capable of medium, light and sedentary work of an unskilled nature. As stated above, the Commission settled on an impairment rating of 6.5 percent. That rating is not challenged.

Claimant was born in 1937. He completed the eighth grade and started working at age 17 in a doughnut shop as a baker. After so working for 17 years he was employed as a cheesemaker for 7 years. He also had worked as a common laborer, operator of a conveyor belt and installer of telephone poles.

Although the Commission found that claimant sustained a permanent physical impairment of 6.5 percent of the whole person, it did not award any disability in excess of the physical impairment. The Commission reasoned:

> The difficult question is whether the Commission, in applying I.C. 72–430, must automatically and arbitrarily award disability in addition to impairment for non-medical factors, under these facts in many cases, a claimant suffers a physical impairment, and the rating rendered for that impairment does not adequately compensate the claimant for the loss of ability to engage in gainful activity. Such a circumstance occurs when the impairment is based upon discrete physiological deficits, such as loss of range and motion, but which does not include more subjective limitations, such as those caused by chronic pain *where, as here, the impairment evaluation performed by the medical experts* pursuant to I.C. 72–424 *includes such subjective factors as pain it may not be appropriate for the Commission to add a further disability award* pursuant to I.C. 72–425. The Commission concludes that such is the case here.

R., p. 81–82 (emphasis added).

Appellate review of findings of fact made by the Commission is limited in

scope. If the findings are supported by substantial competent evidence they will not be disturbed on appeal. *Levesque v. Hi–Boy Meats, Inc.*, 95 Idaho 808, 520 P.2d 549 (1974). However, we are not bound by conclusions of law drawn by the Commission; an order of the Commission must be set aside where the law is misapplied to the evidence. *Bortz v. Payless Drug Store,* 110 Idaho 942, 719 P.2d 1202 (1986).

In cases such as this a claimant's total award involves a two-step process. First to be determined is the question of permanent impairment which I.C. 72–422 provides "is any anatomic or functional or loss after maximal medical rehabilitation has been achieved and which abnormality or loss, medically, is considered stable or non-progressive at the time of evaluation." The Commission finding of "a permanent physical impairment of 6.5 percent of the whole man" is not challenged; rather claimant contends the determination of no permanent disability is in error. Permanent disability is the second step in determining an award.

Permanent disability "results when the actual or presumed ability to engage in gainful activity is reduced or absent because of permanent impairment and no functional or marked change in the future can be reasonably expected." I.C. 72–423 (Supp.1987). The primary purpose of an award of partial permanent disability is to compensate the claimant for loss of earning capacity or his reduced ability to engage in gainful activity. *Baldner v. Bennett's Inc.*, 103 Idaho 458, 561, 649 P.2d 1214, 1217 (1982) (citations omitted). Where disability is not greater than impairment, an additional award for impairment may not be sustained. *Smith v. Payette County*, 105 Idaho 618, 622, 671 P.2d 1081, 1085 (1983). But here the Commission's decision states: "Based upon a finding that claimant does suffer chronic pain, which to some extent *limits his employability,* especially in the general labor market, *claimant does suffer some loss of earning potential.*" R., p. 79 (emphasis added). Nevertheless, the Commission concluded that claimant was not entitled to a disabili-

ty award beyond his 6.5 percent impairment rating.

The Commission's reasoning that pain is not a factor in determining a disability award is not supported by any citation of authority. A review of the workmen's compensation statutes and applicable case law convinces us this view is in error. We hold that a claimant is entitled to a disability award based upon his established impairment plus and as affected by all pertinent non-medical factors. Such a determination will properly consider if pain is prevalent, having been given recognition in declaring physical impairment.

Fundamental to our decision is I.C. § 72–422 (Supp.1987), which provides in part:

Permanent impairment is a *basic consideration* in the evaluation of permanent disability, and is a contributing factor to, but not necessarily an indication of, the entire extent of permanent disability.

(Emphasis supplied). The statute is clear. Equally clear is it that here the permanent physical impairment rating of 6.5 percent was in part prejudiced upon chronic pain and is to be considered in the evaluation of permanent disability. Pain cannot simply be divorced when impairment includes it. Such a result would vitiate the clear intent and purpose of the statute.

The Commission cited no authority, the surety furnishes none, and we have found none, which denies a disability award on the basis that pain is too subjective a factor to evaluate. Au contraire, the Commission itself has hitherto found disability where the claimant suffered from pain. In *Knapp v. Brotherton's, Inc.*, 102 Idaho 403, 404, 630 P.2d 690, 691 (1981), the "Commission found that claimant-appellant suffered mild to moderate pain and considered the factor of pain in their determination of disability." Justice Bakes, writing for the Court in *Paulson v. Idaho Forest Industries*, 99 Idaho 896, 591 P.2d 143 (1979), upheld the Commission's finding that the claimant, who *suffered from pain* in his back and left leg, was temporarily totally disabled for work. *Id.* at 905, 591 P.2d at 152 (citing *Skokie Valley Asphalt*

**298**

Co. v. Industrial Comm'n, 45 Ill.2d 333, 259 N.E.2d 66 (1970) (claimant who experienced constant back pain eligible for permanent total disability); *Montgomery v. Delta Concrete Prods. Co.*, 290 So.2d 769 (La.App.1974) (claimant who suffered intense back and leg pain found totally disabled)).

Similarly, in other jurisdictions pain is a criterion used in determining a claimant's disability compensation award. *See, e.g., Arkansas Wood Products v. Atchley*, 21 Ark.App. 138, 729 S.W.2d 428 (1987) (claimant's job skills, education, and fact that he suffered severe pain supported Commission's finding of total permanent disability); *Harwell v. Argonaut Ins. Co.*, 296 Or. 505, 678 P.2d 1202 (1984) (en banc) (subjective complaints of pain must be considered in determining disability); *Pendleton v. Spartan Building Construction*, 432 So.2d 298 (La.App.1983) (evidence of pain and claimant's occupational capabilities supported finding that claimant was totally permanently disabled); *Wood v. General Electric Co.*, 119 N.H. 285, 402 A.2d 155 (1979) (commissioner erred as a matter of law in refusing to consider pain in determining claimant's permanent impairment); *Smith v. Industrial Commission*, 113 Ariz. 304, 552 P.2d 1198 (1976) (en banc) (subjective pain compensable under workmen's compensation law).

The test for determining whether a claimant has suffered a permanent disability greater than medical impairment is "whether the physical impairment, *taken in conjunction with* non-medical factors, has reduced the claimant's capacity for gainful activity." *Bennett v. Clark Hereford Ranch*, 106 Idaho 438, 440–41, 680 P.2d 539, 541–42 (1984) (emphasis added). The Commission here found that a lumbar strain causes claimant to suffer chronic pain. This physical impairment, along with non-medical factors such as age, sex, and education, must be taken into account in determining disability. The Commission, however, while finding that claimant does suffer some loss of earning potential—the hallmark of disability—denied claimant any compensation therefor on the basis that the impairment evaluation included the subjec-

tive factor of pain. Such a capricious result contravenes the purpose and language of worker's compensation statutes, and is contrary to precedent. The Commission erred as a matter of law in removing pain as an element in the disability equation. We reverse and remand to the Commission for a determination of claimant's disability.

REVERSED AND REMANDED. Costs not inclusive of attorney fees to appellant.