565 P.2d 1364

Merle FRANCIS, Claimant-Appellant,

v.

AMALGAMATED SUGAR COMPANY, Employer, self-insured, Defendant-Respondent.

No. 12106.

Supreme Court of Idaho.

June 23, 1977.

---

3. After his last injury, appellant moved from Orofino, Idaho, to New Meadows, Idaho. A claimant should not be permitted to achieve permanent disability by changing his place of residence. Therefore, in meeting its burden the Fund can introduce evidence of an actual job within either community.

Emil F. Pike, Twin Falls, for appellant.

J. Robert Alexander, of Benoit & Alexander, Twin Falls, for appellee.

## PER CURIAM:

The claimant appellant Merle Francis has appealed from an order of the Industrial Commission awarding him less than a permanent total disability rating and benefits. This appeal is governed by the opinion which we have recently issued following rehearing in the case of *Lyons v. Industrial Special Indemnity Fund, State of Idaho*, 98 Idaho 403, 565 P.2d 1360 (1977).

The claimant, who was employed as an electrician by respondent Amalgamated Sugar Co., was injured when he was pinned beneath the transmission of a switch engine when the transmission slipped as he was doing maintenance and repair work. The accident aggravated an existing injury to his back. The Commission found that the most recent injury produced an additional disability equal to 15% of the whole man which, when combined' with the prior disability of 10% of the whole man, produced a

total disability equal to 25% of the whole man. Although the Commission did not distinguish between disability and impairment ratings, it is implicit in its findings and conclusions that in this case it equated the rating of the claimant's permanent impairment with its rating of his disability without explicit consideration of the types of employment the claimant can now perform. Because, as we explained in *Lyons*, this is improper if a claimant falls in the odd lot category and because this claimant falls in the odd lot category, this matter must be remanded to the Industrial Commission for further proceedings.

The claimant in this case has the equivalent of a twelfth grade education. He is now in his mid-forties. His work history has been in construction or heavy equipment repair and has always involved heavy lifting. However, since the time of the industrial accident he testified that he has been unable to do the moderate to heavy lifting necessary for performance of his former work. Since that time he has not found permanent employment. He has discontinued the types of employment that he has attempted which involved bench or chair work because he has experienced pain in his lower back and legs after prolonged sitting. His efforts at vocational rehabilitation have not been successful. A Department of Employment job counselor testified upon the claimant's behalf that there was no stable labor market for the type of work that the claimant could perform, although he did not preclude the possibility that the claimant might be retrained for work in other fields.

 After examining the claimant's work history and experience, his physical

condition, and the testimony concerning his potential for finding work that he can perform, we conclude as a matter of law that the claimant has made out a *prima facie* case that he should be placed in the odd lot category. *Lyons, supra*, 98 Idaho pp. 405–407, 565 P.2d pp. 1362–1364. This being the case, the burden is shifted to the employer "to show that some kind of suitable work is regularly and continuously available to the claimant." *Id.*, at 406, 565 P.2d at 1363. While there is evidence in the record to support a finding that the claimant suffers a 25% permanent impairment as defined by I.C. § 72–424,[1] nevertheless without evidence of the type of work that the claimant can perform there is no evidence in the record to support the finding by the Industrial Commission that the claimant's permanent disability rating as defined by I.C. § 72–425[2] is only 25%. The Commission's recitation that it has considered medical and non-medical factors including "the claimant's age, sex, education, economic and social environment and training and usable skills," in concluding that he is only 25% disabled is not a substitute for an explicit finding of what kind of suitable work is available to the claimant who is in the odd lot category. Indeed, after the Industrial Commission issued its order in this claim, the claimant petitioned the Commission to make "a specific Finding of Fact as to what avenues of gainful employment are at present open to the claimant and whether a reasonably stable labor market now exists for claimant's services in such employment," but the Commission denied this request on the ground that "specific findings of fact relative to avenues of gainful employment open to the claimant and

1. "72–424. Permanent impairment evaluation. —'Evaluation (rating) of permanent impairment' is a medical appraisal of the nature and extent of the injury or disease as it affects an injured employee's personal efficiency in the activities of daily living, such as self-care, communication, normal living postures, ambulation, elévation, traveling, and nonspecialized activities of bodily members."

2. "72–425. Permanent disability evaluation.— 'Evaluation (rating) of permanent disability' is

an appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of permanent impairment and by nonmedical factors, such as age, sex, education, economic and social environment."

This statute is quoted as it existed at the time of the claimant's injury. It has since been amended to provide that the factors of "training and usable skills" shall also be considered in rating the claimants.

the labor market are not necessary for the adjudication of this matter." But, as *Lyons* makes clear, this is precisely the kind of finding the Commission must make when the claimant falls into the odd lot category. Accordingly, the matter is remanded to the Industrial Commission for further findings. Costs to appellant.