570 P.2d 28

Harold and Mary TAPPEN, Claimant-Respondents, and Archie Champion, Claimant-Respondent,

v.

STATE of Idaho, DEPARTMENT OF HEALTH AND WELFARE, Respondent-Appellant.

No. 12303.

Supreme Court of Idaho.

Sept. 23, 1977.

Rehearing Denied Oct. 20, 1977.

Wayne L. Kidwell, Atty. Gen., Boise, William L. Bird, Asst. Atty. Gen., Idaho Falls, for appellant.

Raymond C. Givens, Idaho Legal Aid Services, Coeur d'Alene, for respondents.

SHEPARD, Justice.

This is a consolidated appeal from decisions of the district court which had reversed decisions of the Idaho Department of Health and Welfare. The Department had previously denied claims for Aid to Dependent Children brought by claimants Tappen and Champion. We affirm the district court awarding benefits in the Champion decision but reverse and remand the award of benefits in the Tappen decision and remand it for additional proceedings at the administrative level.

Tappen is a married man living with his wife and their four minor children. Prior to March 1975 the Department considered him totally disabled and the Tappens were receiving Aid to Dependent Children. Tappen suffers from oscillating stigmas in both eyes and what has been diagnosed as chronic sprain or spasms of the back. He is, however, capable of doing work outside the restrictions of his disabilities insofar as it does not require heavy lifting, good eyesight or driving at night. In March 1975 the Department of Employment obtained and Tappen accepted a part-time job which paid $100.00 per month. Thereafter an Eligibility Examiner of the Department of Health and Welfare terminated all Aid to Dependent Children payments. Her stated reason was that Tappen "is no longer considered totally disabled" since he was employable.

Champion is also a married man living with his wife, mother and five minor children. He suffers from a dyslectic disability as a result of which he cannot adequately read or write and also a deteriorating lower back condition (spondylosis) which prevents work involving prolonged standing, bending or lifting. At some time previous to his application for benefits, he had worked as a janitor-cashier at a gas station for four months at $2.10–2.20 an hour for an undisclosed number of hours per week. During that work he required pain killing drugs in order to perform his duties. Thereafter he obtained a better paying janitorial job, but was discharged therefrom when his employer learned that Champion's physical condition made him ineligible for workman's compensation coverage. Since that discharge Champion has cooperated with the Department of Employment in seeking a new job or retraining in an area of work suitable to his physical limitations. None had been found as of the date of the administrative hearing and at the time of both the application for benefits and administrative appeal he was unemployed and receiving unemployment compensation. In December of 1974 the Department of Health and Welfare denied his application for Aid to Dependent Children because of his physical capacity to work to some extent.

It is unquestioned that the claimant parents are disabled, that the parents are not able to provide for their families and that their children are in genuine need of public assistance. There is no evidence even suggesting that the parents are malingering. The only question presented for decision here is whether the admitted disabilities of the claimant parents are the causative factor leading to the admitted inability of the parents to provide for the admitted needs of the children.

The decision of the initial Eligibility Examiner of the Department of Health and Welfare was based on whether either claimant was employable to *any* degree. Upon the administrative appeal, the hearing offi-

cer correctly held that such initial decision was erroneous. Thereafter, however, the hearing officer affirmed the denial of benefits on the broader ground that both claimants had failed to sustain their burdens of proof on *causation*: i. e., that the medical evidence did not satisfy him, that each claimant's disability had caused either the unemployment or a lack of adequate income from underemployment.

Both claimants then appealed to the district court arguing that the departmental regulation relied upon by the administrative appellate hearing officer conflicted with the Idaho statutes, the federal statutes, the code of federal regulations and Equal Protection Clause of the U.S. Constitution. The district court agreed with claimants' contentions, held that the regulation relied upon was in conflict with those authorities and thus void. The court held both claimants entitled to ADC benefits. This appeal results.

The Department of Health and Welfare regulation § 3247.1 of its Manual of Operating Policies and Procedure provides:

"The incapacity must be of such debilitating nature as to *reduce substantially* or eliminate the parent's ability to: (1) Obtain or keep work of a kind generally suited to his age, previous experience and qualifications. * * * A careful distinction must be made between either unemployment or *lack of adequate income* because of the incapacity and lack of adequate income resulting from factors not directly related to the incapacity. Whenever a parent with an incapacity is able to engage in some form or amount of remunerative employment, it must be clearly evident that either the lack of full-time employment or *employment which results in an income inadequate to meet the needs of the family* is directly related to the incapacity and not the result of other social or economic circumstances. The child is only eligible for assistance when the parent's physical or mental incapacitation is directly responsible for the need." (Emphasis supplied.)

## I.

The Department first argues that the district court improperly substituted its own findings for those of the administrative appellate hearing officer despite the substantial evidence which supports the findings of the hearing officer. The district court made findings of fact even though the hearing before it was not conducted in a *de novo* fashion. *See* I.C. § 67–5215(g). Such "findings" are erroneous if the appeal to the district court was conducted on the record and if the hearing officer's findings were substantiated by the evidence and substantive legal principles were correctly applied. *See* I.C. § 67–5215(g); *In the Matter of Matthews*, 97 Idaho 99, 540 P.2d 284 (1975); *Madron v. Green Giant Co.*, 94 Idaho 747, 497 P.2d 1048 (1972). We again point out that in the Tappen case the claimant had been receiving benefits and was administratively contesting the termination of Aid to Dependent Children and hence, as appellant's counsel acknowledged, in such situation the Department carries the burden of production of evidence and persuasion. *See generally* 5 U.S.C. § 556(d) (1970); McCormick on Evidence 853–54 (2d ed. E. Cleary 1972). It is clear from the record that such standard of proof was not applied and that the claimant was required to prove the causation contemplated by the Department regulation. The administrative appellate hearing officer affirmed the termination of benefits on the ground that *claimants* had failed to sustain their burdens of proof on causation since medical information was not present in the record to establish that claimant Tappen's disability was the cause of his underemployment and the need of his children.

■ However tempting it might be for this Court to affirm the decision of the district court on the basis that the Department did not sustain its burden of proof, we resist the invitation. That resolution of the conflict of evidence should and must be resolved by a fact finder which here we deem to be appropriately an administrative hearing officer. A conflict in the evidence remains and must necessarily be resolved

by a fact finder, however, utilizing the appropriate standards regarding burden of proof. As heretofore stated the burden of such proof as to the Tappen claim is upon the Department.

## II.

We turn now to the Champion claim and hold that the decision of the district court must be affirmed albeit on different grounds than those stated by the district court. While Tappen had been receiving benefits and was terminated therefrom, Champion had not been receiving benefits but had applied therefor. To that extent the Champion claim differs from Tappen and the applicable burden of proof and persuasion rests upon Champion rather than the Department.

The record discloses that Champion was unemployed and receiving unemployment compensation. It further discloses that Champion himself sought employment and that the Department of Employment, with the full cooperation of Champion, sought employment for him. Despite those efforts, no work could be found which was suitable to his limited capabilities and which would provide an adequate income for the Champion family. Department of Health and Welfare regulation § 3247.2 provides in pertinent part:

"If suitable work is determined not to be available locally, the child will be considered deprived of parental support and assistance may be granted if the child is otherwise eligible."

The hearing officer nevertheless concluded that work as a janitor was available locally apparently solely from the fact that Champion had held one such job at a time four months previous to the hearing. Such finding was clearly contrary to the evidence presented in the record. Such assumes that such particular janitorial job had been held open for Champion during the four-month period interval before the hearing. The evidence does not support such inference and on the contrary since he was discharged from a later employment because of inability to qualify for work-

man's compensation coverage it would indicate probable difficulty in obtaining or holding employment. There was no evidence of any employment available despite the best efforts of Champion and the Department of Employment. The Department finding being unsupported by the evidence is erroneous. *See Lyons v. Industrial Special Indemnity Fund*, 98 Idaho 403, 565 P.2d 1360 (1977); *Francis v. Amalgamated Sugar Co.*, 98 Idaho 407, 565 P.2d 1364 (1977). The order of the district court requiring the payment of ADC benefits is affirmed.

## III.

As previously noted, the district court based its decision on its holding that the Department regulation § 3247, *supra*, conflicted with state and federal statutes, the U.S. Constitution and federal regulations. Since our holding in both Tappen and Champion is based on other grounds, neither claimant is as yet damaged by the application of that regulation. However, upon remand if Tappen's claim is again denied, such argument will undoubtedly again be urged upon the district court and guidance is therefore necessary.

Respondents-claimants asserted below and here that regulation § 3247 violated the legislative mandate of I.C. § 56–209 and the district court below agreed. I.C. § 56–209 provides:

"*Aid to dependent children.*—Aid to dependent children shall be awarded on behalf of needy children who are residents of the state. Such aid shall be awarded in accordance with department regulations."

It is argued that the statute implies a legislative intent to provide aid to *all* needy children (who are "dependent") since aid is not expressly qualified or reserved for "some children", i. e., those of disabled, separated, divorced or deceased parents. We disagree. The language of the statute does not exclude an inference that the definition of "dependent children" is delegated to the Department of Health and Welfare

**580**

by the promulgation of regulations. *See also* 42 U.S.C. § 601, *et seq.*, and particularly §§ 606, 607 (1970).

Department of Health and Welfare regulation § 3240.3(2) provides that the child "must be deprived of parental support by reasons of death, continued absence from the home, or physical or mental incapacitation of the parents." Such accords with the language of 42 U.S.C. § 606(a) which is one of the two alternative federal definitions of "dependent child" which must be adopted by a state in order to receive supplemental federal funds from the Aid to Families with Dependent Children program (AFDC). We hold that regulation § 3247 is merely an elaboration of the criteria for determining dependency based on parental disability. An alternative provision contained in 42 U.S.C. § 607 permits aid to needy children of all unemployed fathers, but by federal provision it is not mandatory that the same be adopted by the states in order to qualify for the supplemental federal funds. Idaho has not adopted that statutory alternative. *See also United Low Income, Inc. v. Fisher*, 470 F.2d 1074 (1 Cir. 1972); *Henry v. Betit*, 323 F.Supp. 418 (D.C. 1971).

*Curtis v. Child*, 95 Idaho 63, 501 P.2d 1374 (1972), is distinguishable from the instant matter. In *Child* the Idaho legislature chose to accept an optional federal program, but the appropriate agency regulations were violative of an aspect of the program required by federal regulations. Here, the legislature has selected one of two alternative federal programs and the departmental regulations are consistent with the option selected by the legislature. Hence, we find no conflict with the supremacy clause of the federal constitution resulting from conflict between the departmental regulations and the federal statutes and federal regulations.

Finally, claimants asserted below and here that the Department of Health and Welfare regulation violates the Equal Protection Clause of the U.S. Constitution. We disagree. It is conceded that there is no "fundamental right" or inherently suspect classification requiring a strict scrutiny standard of review. *See Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). The provisions of 42 U.S.C. §§ 606 and 607 from which stem Idaho's statutes and regulations are not violative of the Equal Protection Clause. *United Low Income, Inc. v. Fisher, supra; Henry v. Betit, supra; Dandridge v. Williams, supra.* We cannot say that Idaho's decision to exclude from benefit coverage those children of relatively able bodied parents who live in the home fails to bear a rational relationship to a legitimate state interest. *See, Macias v. Finch*, 324 F.Supp. 1252, 1261, aff'd summarily, 400 U.S. 913, 91 S.Ct. 180, 27 L.Ed.2d 153 (1970). A state may maximize incentives to seek employment as an alternative to welfare. *Henry v. Betit, supra.*

As to Tappen, the district court's decision reinstating benefits is reversed and the cause is remanded for additional administrative proceedings consistent herewith. As to Champion, the decision of the district court is affirmed. No costs allowed.

DONALDSON, Acting C. J., BISTLINE, J., and SCOGGIN, District Judge (Ret.), concur.

BAKES, J., concurs in the result.