660 P.2d 54

Charles E. DAVISON, Plaintiff-Appellant,

v.

STATE of Idaho, DEPARTMENT OF
HEALTH & WELFARE,
Defendant-Respondent.

No. 13636.

Supreme Court of Idaho.

Dec. 29, 1982.

Rehearing Denied March 16, 1983.

Chris Bradford, of Idaho Legal Aid Services, Inc., Pocatello, for plaintiff-appellant.

David H. Leroy, Atty. Gen., Boise, James A. Raeon, Deputy Atty. Gen., Coeur d'Alene, for defendant-respondent.

BAKES, Chief Justice.

This is an appeal from a district court order affirming a hearing officer's decision to deny Aid to Families with Dependent Children (AFDC) benefits to appellant for the portion of two summer months during which his minor son was residing in his home. The appellant was divorced from his ex-wife, Vicki Davison, and pursuant to the decree Mrs. Davison had custody of their son, Charlie. Mrs. Davison was receiving AFDC for herself and Charlie. Charlie then went to stay with the appellant for part of June and July, 1977. During June of 1977, appellant applied for AFDC for himself and Charlie. On June 16, 1977, an eligibility examiner for the Department of Health and Welfare (DHW) denied appellant's application, saying that since Charlie was receiving assistance in one household the application was rejected "due to no eligible child in the [appellant's] home." Appellant filed an appeal of that decision. On December 8, 1977, a hearing officer affirmed the DHW's decision. Appellant took an appeal to the district court. The case was then remanded on July 18, 1978, by the district court for further factual findings. After another hearing on September 19, 1978, the hearing officer again affirmed the DHW's decision and issued an opinion on October 16, 1978. On appeal, the district court then affirmed the hearing officer's order.

The hearing officer, on remand, found that with regard to appellant's application Charlie was not a "needy" child, as required by I.C. § 56-201(*1*)[1] and the DHW regulations. Appellant argues that either (1) this finding was a denial of due process, or (2) that the finding was clearly erroneous. We find that neither of these arguments are supported by the record; thus, we affirm the denial of benefits based on appellant's failure to meet the necessary qualifications.

Appellant bases his due process argument upon the supposed injection of a new issue after time for hearing had passed. He claims the issue of "need" did not arise until *after* the September 19, 1978, hearing; and since it arose so late in the process, after hearing, appellant claims denial of the opportunity to present evidence on the issue.

To sustain appellant's argument one would have to ignore the whole thrust of the district court's remand order, dated July 18, 1978, which resulted in the second hearing. The district court ordered the hearing officer to conduct further proceedings, sufficient to enable him to make factual findings on subjects set out by the district court. Five of the seven areas specified dealt with either the contributions made, collected or available, and the expenses of each of the parents during the summer of 1977, specifically related to Charlie. It is obvious that the district court was requiring the hearing officer to make findings on the issue of "need," since the most obvious way to determine need is to compare expenses with available resources. Appellant also had an opportunity to present findings of fact to the hearing officer after the second hearing. Since appellant had notice of this issue well before the second hearing, he had ample opportunity to present evidence on the issue. Nothing in this record indicates that the appellant was denied due process of law.

---

1. I.C. § 56-201 is the section of Idaho public assistance law which defines terms used in the law. It reads:

"56-201. DEFINITIONS.—As used in this act:

. . . .

"(1) 'Aid to dependent children' shall mean money payments with respect to or in behalf of *needy* dependent children, . . . ." (Emphasis added.)

■ Appellant also claims that the hearing officer's finding on the "need" issue was clearly erroneous. Where a claimant has applied for and been denied benefits, the claimant has the burden of proving that he met all eligibility requirements. *Tappen v. State, Dept. of Health & Welfare,* 98 Idaho 576, 570 P.2d 28 (1977). Nothing in this record indicates that appellant met that burden. We have reviewed the record and find that the hearing officer's findings are not only not clearly erroneous, but rather are supported by substantial, competent evidence. As such, those findings will not be disturbed on appeal. *Foremost Ins. Co. v. Putzier,* 102 Idaho 138, 627 P.2d 317 (1981); *Simmons v. Bd. of Trustees,* 102 Idaho 552, 633 P.2d 1130 (1980). Since the eligibility of a family for AFDC benefits is contingent upon the presence of a "needy" child in the household, *Haggard v. Dept. of Health & Welfare,* 98 Idaho 55, 558 P.2d 84 (1977), the DHW was correct in denying benefits to appellant.

■ Appellant also argues that the DHW should have been required to pro-rate benefits, *i.e.,* divide the benefits between Mrs. Davison and appellant for that portion of the two months that Charlie was with him. There are no provisions either in the DHW's manual regulations or in federal regulations which would require pro-rating. Consequently, it was not an abuse of discretion for the DHW to refuse to pro-rate benefits.

Respondent requests that attorney fees be awarded upon appeal, asserting that this appeal was frivolously pursued. In addition, respondent requests that we not only award such fees against appellant, but also against appellant's counsel, Idaho Legal Aid Services, Inc. Our review of the record leaves us with the abiding belief that this appeal was brought unreasonably and without foundation. Thus, we award attorney fees on appeal to the respondent. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); *Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981).

Normally, those fees would be assessed against appellant. However, in cases where frivolous suits are brought by legal aid societies administered by the Legal Services Corporation (as is Idaho Legal Aid Services, Inc.), Congress has specifically provided for such awards to be paid directly by the corporation.

"Harassment; malicious abuse of legal process.

"(f) If an action is commenced by the Corporation or by a recipient and a final order is entered in favor of the defendant and against the Corporation or a recipient's plaintiff, the court *shall,* upon motion by the defendant and upon a finding by the court that the action was commenced or pursued for the *sole purpose of harassment of the defendant or that the Corporation or a recipient's plaintiff maliciously abused the legal process,* enter an order (which shall be appealable before being made final) awarding reasonable costs and legal fees incurred by the defendant in defense of the action, except when in contravention of a State law, a rule of court, or a statute of general applicability. *Any such costs and fees shall be directly paid by the Corporation.*" (Emphasis added.) 42 U.S.C. § 2996e(f).

■ At least one federal court, in interpreting 42 U.S.C. § 2996e(f), has concluded that "a meritless action which is prosecuted or pursued 'in bad faith, vexatiously, wantonly, or for oppressive reasons,' (citations omitted) is the legal equivalent of 'an action pursued for the sole purpose of harassment of the defendant,' within the meaning of 42 U.S.C. § 2996e(f)." *See Flora v. Moore,* 461 F.Supp. 1104, 1121 (N.D.Miss.1978). We conclude that our finding that this appeal was brought unreasonably and without foundation is the legal equivalent of and constitutes malicious abuse of the legal process as that phrase is used in 42 U.S.C. § 2996e(f), and thus the award of costs and attorney fees is assessed against Idaho Legal Aid Services, Inc., which prosecuted this appeal. *Flora v. Moore,* 461 F.Supp. 1104 (N.D.Miss.1978).

Affirmed. Costs and attorney fees to respondent.

SHEPARD and HUNTLEY, JJ., and SCOGGIN, J. Pro Tem., concur.

DONALDSON, Judge, concurring and dissenting.

I concur in all of the majority opinion except the awarding of attorney fees against the appellant's counsel. The standard to be applied in awarding attorney fees against a legal services corporation is whether the action was brought for the "sole purpose of harassment ... or maliciously abused the legal process." In my opinion neither has been shown in this case. Certainly the appellant had a basis for asking for a prorate of benefits for the two months his child was with him, even though this Court found no abuse of discretion by the Department of Health and Welfare in refusing to do so. The appellant cited authority for his position and argued the point extensively.

HUNTLEY, J., concurs.