671 P.2d 1081

**Ardus M. SMITH, Claimant-Appellant,**

v.

**PAYETTE COUNTY, Employer, and State Insurance Fund, Surety, Defendants-Respondents.**

**No. 14200.**

Supreme Court of Idaho.

Oct. 28, 1983.

---

R. Brad Masingill of Sweet & Masingill, Weiser, for claimant-appellant.

Paul S. Boyd, Hollis A. Kitch, Boise, for defendants-respondents.

DONALDSON, Chief Justice.

Claimant was an employee of Payette County as a deputy county clerk. During the course of her employment, she injured her back while moving a copying machine. As a result of this injury, she underwent surgery which was paid for by the surety, State Insurance Fund (SIF). Later the claimant, the employer and the surety entered into a compensation agreement under which the claimant received permanent partial disability benefits for permanent disability equal to ten percent (10%) of the whole person.

Thereafter, it was necessary for more surgery to be performed. SIF paid for this surgery and paid her total temporary disability benefits while she recuperated. During this recovery period, she was discharged by her employer.

When the claimant was released to return to work, she was unable to find a job. Several months subsequent, she underwent

more surgery relating to her back injury. Again SIF paid for the surgery and paid her total temporary disability benefits until she was released for work. Following this last operation, the claimant had a permanent partial impairment equal to ten percent (10%) of the whole person as a result of the accident and subsequent operations.

After the total temporary disability benefits stopped, the claimant filed an application for a hearing with the Industrial Commission, I.C. § 72–706(2), asking for "odd-lot" status and for the resumption of the total temporary disability benefits. The Industrial Commission entered a final order and after a second hearing, an amended order which determined that the claimant was not totally and permanently disabled and which denied an award of further workmen's compensation benefits. Claimant appeals. We affirm.

At the first hearing before the Industrial Commission's referee, the issues were limited by stipulation of the parties: (1) whether the claimant was totally and permanently disabled and (2) whether the claimant's application for hearing was timely filed. The second issue was resolved in claimant's favor and requires no further consideration. The referee found as fact that:

"The claimant is about 56 years old and is a high school graduate. She has limited typing skills. Her work experience includes employment at a bank for about 10 years, and at the city of Payette for about five years, as well as the 13½ years that she worked for Payette County. Her duties at Payette County included such tasks as recording documents, filing court cases, microfilming, lien searches and issuing marriage lisences. [sic] She ran a posting machine while employed by the bank."

The referee also found that the Payette, Ontario and Weiser area was a reasonable area within which to expect the claimant to accept a job and that there were many people working at jobs which the claimant could do. The referee acknowledged that there were few job openings and the record supports these findings.

The claimant asserted before the referee that she was totally and permanently disabled and was within the "odd-lot" category. *Lyons v. Industrial Special Indemnity Fund,* 98 Idaho 403, 565 P.2d 1360 (1977). The referee concluded that:

"In the present case, the claimant is a 56 year old woman with a high school education and many years experience working in offices, although her typing skills are limited. While her shortage of typing skills undoubtedly restricts the number of jobs for which she is qualified, there are still many jobs in the Payette area which she is capable of doing. This establishes that there is a reasonably stable market for the services which the claimant can perform. The fact that there may be few job openings at any given time, due to economic conditions, does not diminish that conclusion: it is the market for services that claimant can perform, not the market of job openings that must be reasonably stable. Thus, the claimant failed to present a *prima facie* case that she is in the odd lot category and she failed to establish that she is totally and permanently disabled."

The referee ordered that the claimant's application for further workmen's compensation benefits be denied. The Commission approved, confirmed and adopted the referee's findings, conclusions and order as the decision and order of the commission.

The claimant moved for reconsideration and following additional oral and written argument, the referee recommended amendment of the earlier decision. The Commission adopted the referee's recommendations and entered an order to that effect. The record supports the Commission's findings that:

"The claimant is about 56 years old and she is a high school graduate. She has limited typing skills. Her work experience includes employment at a bank for about 10 years, and at the city of Payette for about five years, as well as the 13½ years that she worked for Payette County. Her duties at Payette County included such tasks as recording documents,

filing court cases, microfilming, lien searches and issuing marriage lisenses. [sic] She ran a posting machine while employed by the bank.

" . . . .

"After her operation in January of 1979, the claimant was referred to Anne Balog of the Industrial Commission's Rehabilitation Division, who attempted to place her in a job that would be compatible with her disability. Based upon Balog's testimony at the hearing, the Referee concludes that the area including Payette, Ontario and Weiser, and other towns as far from Payette as Weiser, is a reasonable area within which to expect that the claimant would accept a job, and that in that area, there are many people employed at jobs which the claimant is capable of doing. However, at the time of the hearing, there were very few job openings in such jobs in that area due to the economic recession. The claimant failed to establish that she suffered permanent partial disability in excess of 10% of a whole person, as a result of the accident of February 1, 1975 or her subsequent operations."

The appellant's claim for total permanent disability benefits required the Commission to evaluate the claimant's permanent disability. I.C. § 72–425. Such an evaluation requires an appraisal of the claimant's "present and probable future ability to engage in gainful activity." *Id.; Baldner v. Bennett's, Inc.,* 103 Idaho 458, 649 P.2d 1214 (1982); *Lyons, supra,* 98 Idaho at 406, 565 P.2d at 1363. I.C. § 72–425 [1]

establishes the criteria by which the Industrial Commission determines the permanent disability of an injured employee. The central focus of § 72–425 is on the "ability to engage in gainful activity." *Baldner, supra,* 103 Idaho at 462, 649 P.2d at 1218.

The Commission properly considered the medical factor of permanent impairment and other nonmedical factors. I.C. § 72–425; *Lyons, supra,* 98 Idaho at 406, 565 P.2d at 1363. Medical evidence was submitted that the claimant had a permanent impairment of 10% of the whole person, I.C. §§ 72–422, 72–424. Prior to her injury, the claimant worked for many years doing office work. Evidence in the record discloses that she was medically released to return to office work which would not require heavy lifting or long periods of standing. Evidence was presented of jobs available to the claimant. While claimant disputes the availability of the jobs, the weight to be given evidence rests with the Commission. *Gordon v. West,* 103 Idaho 100, 103, 645 P.2d 334, 337 (1982).

The appellant Smith asserts that she made a prima facie showing before the Industrial Commission that her situation fell within the "odd-lot" category and therefore she was entitled to total permanent disability benefits. *Reifsteck v. Lantern Motel & Cafe,* 101 Idaho 699, 619 P.2d 1152 (1980); *Francis v. Amalgamated Sugar Company,* 98 Idaho 407, 565 P.2d 1364 (1977); *Lyons v. Industrial Special Indemnity Fund,* 98 Idaho 403, 565 P.2d 1360 (1977); *Arnold v. Splendid Bakery,* 88 Idaho 455, 401 P.2d 271

1. The applicable former version of I.C. § 72–425 reads as follows:

"72–425. PERMANENT DISABILITY EVALUATION.—'Evaluation (rating) of permanent disability' is an appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of permanent impairment and by nonmedical factors, such as age, sex, education, economic and social environment, training and usable skills." 1974 Idaho Sess.Laws, ch. 132, p. 1329.
I.C. § 72–425 presents statutory guidance with respect to the factors which affect an "injured employee's present and probable future ability to engage in gainful activity." The

section addresses the employee's ability "as affected by the medical factor of permanent impairment and by nonmedical factors, such as age, sex, education, economic and social environment, training and usable skills." The mandate is clear that the Commission must consider the medical factor of permanent impairment; however, the consideration of each of the litany of nonmedical factors is not statutorily mandated. This conclusion follows from the use of the words "such as" in the statute which would identify kinds of non-medical factors which could be considered. So long as the Commission considered such nonmedical factors, we need not dictate that each must invariably be considered.

(1965). She contends that the Commission erred in not awarding her such benefits. The question of "odd-lot" classification is a factual determination to be made by the Commission. *Gordon v. West,* 103 Idaho 100, 104, 645 P.2d 334, 338 (1982); *Reifsteck, supra.* The Commission considered whether the claimant fell within the "odd-lot" category and found that she did not.[2] Such a factual determination can only be set aside if not based upon substantial, competent evidence. I.C. § 72–732; *Reifsteck, supra,* 101 Idaho at 701, 619 P.2d at 1154.

 Regardless of whether the claimant made a prima facie showing of "odd-lot," the record discloses that the Commission found that "there are many people employed at jobs which the claimant is capable of doing. However, at the time of the hearing, there were very few job openings in such jobs ...." The existence of job openings which the claimant is capable of doing is sufficient to defeat "odd-lot" categorization. In such circumstances the burden remains on the claimant to demonstrate that her permanent disability exceeds her permanent impairment.

The claimant asserts that the Commission failed to find a permanent disability in excess of 10% of the whole person. The problem with the claimant's contention is that there is no significant evidence in the record which bears on a disability in excess of the permanent impairment rating. *Houser v. Southern Idaho Pipe & Steel, Inc.,* 103 Idaho 441, 445, 649 P.2d 1197, 1201 (1982). In *Baldner v. Bennett's, Inc.,* 103 Idaho 458, 461, 649 P.2d 1214, 1217 (1982), we concluded that

> "the primary purpose of an award of permanent partial disability benefits is to compensate the claimant for his loss of earning capacity or his reduced ability to engage in gainful activity. *Paulson v. Idaho Forest Industries, Inc.,* 99 Idaho 896, 591 P.2d 142 [143] (1979); *Herman v. Sunset Merc. Co.,* 66 Idaho 47, 154 P.2d

487 (1944); *Kelley v. Prouty,* 54 Idaho 225, 30 P.2d 769 (1934)."

Unlike the claimant in *Baldner,* this claimant has made no concrete showing of disability greater than the permanent impairment. The claimant has put on evidence that she has not found work, but such is far different than evidence of a loss of "earning capacity" or "reduced ability." *See* I.C. § 72–425.

Appellant also argues for attorney fees, I.C. §§ 72–803, 72–804. In light of our disposition of the substantive issues, we deny an award of attorney fees. I.C. § 72–804.

Costs allowed the respondents.

Affirmed.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.

---

**2.** The claimants in *Francis, supra,* and *Lyons, supra,* were unable to perform the type of work in which they had experience and training. The claimant here is dissimilar in that she had numerous years of training and experience in the type of work that she was able to perform after her injury and surgeries.