# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 33675

| | | |
|---|---|---|
| ELIZABETH J. MC CABE, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, December 2007 Term |
| | ) | |
| v. | ) | 2007 Opinion No. 142 |
| | ) | |
| JO-ANN STORES, INC., Employer, and | ) | Filed: December 27, 2007 |
| LIBERTY NORTHWEST INSURANCE | ) | |
| CORPORATION, Surety, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Emil F. Pike Jr., Twin Falls, for appellant.

Harmon, Whittier & Day, Boise, for respondent. Kent Day argued.

---

HORTON, Justice.

Claimant Elizabeth McCabe (McCabe) appeals from an order of the Industrial Commission of the State of Idaho (Commission). In this case, the Court is asked to determine if the Commission erred by not properly considering McCabe's loss of access to the open labor market in its decision that she was not entitled to a disability rating in excess of her uncontested 7% whole person permanent impairment rating. We affirm the order of the Commission.

## I. FACTUAL AND PROCEDURAL BACKGROUND

McCabe was, at the time of hearing, 52 years of age, divorced, with 7 children, four of whom live at home with her on her farm in Filer, Idaho. She has a high school diploma and was one hour short of completing an associates degree at the College of Southern Idaho.

Her prior work history includes a variety of unskilled labor positions such as farm, livestock, food processing, laundry, daycare, and fish-hatchery work. She has, at all times

1

relevant to this claim, been engaged in small-scale farming, including gardening, raising sheep, lambs, cows, and pigs, irrigation, and production and sales of handicrafts like soaps. Her farm was at the time of her industrial injuries, and remains, her primary source of income.

In October 2003, McCabe began working part-time at Jo-Ann Fabrics in Twin Falls, Idaho where she cut and shelved fabric, cashiered, unloaded freight, and "just whatever." This is the only retail position she has ever held. She described her position at Jo-Ann Fabrics as the "easiest job" she ever did. Nonetheless, she suffered muscular strains to her back, neck, and shoulder on three separate occasions in May, June, and October 2004. The initial muscle strain injury occurred while she was moving several shelves of fabric. The second muscle strain injury occurred when she was repeatedly bending down and reaching up to put end caps in the rolls of fabric and her shoulder and back became sore. The third and final muscle strain injury occurred when she was shaking out a length of fabric and her neck began to hurt. Neither Liberty Northwest Insurance Corporation (Surety) nor Jo-Ann Fabrics has disputed that McCabe suffered muscle strain injuries on the three occasions in question.

Throughout the period of successive injuries, McCabe sought repeated and frequent examination by multiple medical practitioners. Following all the incidents, her condition was deemed medically stable and she was released back to fulltime work. She was prescribed rest, Aleve and Tylenol, physical therapy, chiropractic care, and home exercise/stretching. Additionally, from time-to-time, temporary weight restrictions on lifting, pulling, pushing, and overhead reaching were imposed. Due to her restrictions, McCabe was offered some accommodation in her duties at Jo-Ann Fabrics, however, she continued to experience discomfort and in January 2005 her stint of employment there ended.

Surety accepted the compensability of McCabe's industrial injury claims and agreed to pay the medical bills she incurred relating to the subject accidents through the date of her hearing. Surety referred McCabe to Dr. Michael Phillips, an orthopedic specialist, for an impairment evaluation. His diagnostic evaluation, as supplemented by x-rays, indicated preexisting spinal degeneration or arthritic change in the cervical spine for which he apportioned a 5% whole person impairment rating. He apportioned an additional 2% whole person rating for superimposition of the industrial injuries in question upon her preexisting degenerative disease. Therefore, her total permanent impairment level was assessed by Dr. Phillips at 7% whole person. There is no disagreement between the parties as to McCabe's impairment rating.

2

In making his evaluation of her impairment and recommendation on future work restrictions, Dr. Phillips stated that he considered factors such as McCabe's body-build, her age, and gender. Dr. Phillips stated that given McCabe's "degenerative disease sooner or later she would have trouble" and that her work limitations were only "precipitated . . . in part" by the superimposition of her industrial accidents. Dr. Phillips determined that her condition (as it related to the accident) was stable and no further medical treatment was necessary as a direct result of her injuries. Dr. Phillips approved McCabe's return to full time work in the light to light-medium category, albeit with modifications and restrictions of only occasional, bending, twisting, sitting, and overhead activity and a lifting restriction of 25 pounds.

Surety referred McCabe to the Industrial Commission Rehabilitation Division in November 2005 for return to work services. Michael Duhaime, a Field Rehabilitation Consultant, was assigned the task of evaluating McCabe's possibility for reintegration into the workplace. Duhaime had direct contact with the Commission, McCabe, her employer, and her lawyer. He considered her age, gender, education, geographic region, training, experience, and the restrictions imposed by Dr. Phillips. Duhaime identified several jobs in the light and light-medium category that were available at specified locations in the Twin Falls area and for which McCabe was qualified and fit within her medical restrictions. These jobs included cashier, retail, and barista work, and even her time of injury position. Duhaime's report indicated that these jobs could provide McCabe with remuneration equal to or greater than what she was making at her time of injury and would provide a more steady and dependable flow of income than her farm. McCabe has chosen not to seek outside employment and continues to operate her farm in Filer with the help of her children, although she now experiences pain and must work at a reduced capacity.

McCabe was not satisfied with the results of her medical evaluation and disability assessment and filed a complaint with the Commission seeking: (1) compensation for permanent partial disability in excess of her impairment rating of not less than 50% whole person; (2) entitlement to additional medical care and authorization for a second medical evaluation; and (3) an award of attorney fees. After a hearing on the matter in which McCabe and Duhaime testified, and after consideration of all the evidence submitted by both parties, the Referee concluded: (1) there was no indication that additional medical care was necessary in relation to the industrial accidents nor was McCabe entitled to a second medical evaluation; (2) any claims

3

for attorney fees were waived; and (3) McCabe did not carry her burden in proving that she was disabled in excess of her medical impairment rating of 7% whole person. The Commission adopted the Findings of Fact, Conclusions of Law and Recommendation of the Referee in its order. McCabe filed a motion for reconsideration. The Commission denied the motion. McCabe has appealed the order denying reconsideration to this Court.

## II. STANDARD OF REVIEW

When this Court reviews a decision of the Commission, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Eacret v. Clearwater Forest Indus.*, 136 Idaho 733, 735, 40 P.3d 91, 93 (2002). Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Id.* Because the Commission is the factfinder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. *Eacret*, 136 Idaho at 735, 40 P.3d 93. This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented. *Id.* Whether a claimant has an impairment and the degree of permanent disability resulting from an industrial injury are questions of fact. *Anderson v. Harper's, Inc.*, 143 Idaho 193, 195, 141 P.3d 1062, 1064 (2006). In reviewing a decision of the Commission, this Court views all the facts and inferences in the light most favorable to the party who prevailed before the Commission. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996).

## III. ANALYSIS

McCabe styles her appeal as a question of law. She asserts three errors in the Commission's determination of her permanent disability rating: (1) the Commission did not adequately consider her diminished ability to compete in an open labor market; (2) the Commission improperly considered that she had jobs available to her that paid wages equal to or greater than her time of injury position; and (3) the Commission placed too much weight on the fact that she continues to work her farm.

While McCabe's assertions of error may be legally formulated, they are in reality a challenge to the Commission's weighing of evidence. It is a claimant who must bear the burden of proof in establishing that she is disabled in excess of impairment. *Bennett v. Clark Hereford Ranch*, 106 Idaho 438, 440, 680 P.2d 539, 541 (1984). Therefore, the real issue before the Court

4

is whether the Commission's determination that McCabe "failed to carry her burden of proving that she was disabled in excess of her undisputed 7% whole person impairment" is supported by the factual record. Because the record indicates that McCabe failed to produce any substantial evidence bearing on her disability in excess of impairment, we affirm the order of the Commission.

**A. The record indicates that the Commission did not fail, as a matter of law, to consider McCabe's partial loss of access to the open labor market.**

Under the Idaho worker's compensation law a "disability" is defined as "a decrease in wage-earning capacity due to injury or occupational disease, as such capacity is affected by the medical factor of physical impairment, and by pertinent nonmedical factors." I.C. § 72-102(11). A claimant's permanent disability rating is determined by appraising the combined effect of those medical and nonmedical factors on the "injured employee's present and probable future ability to engage in gainful activity." I.C. § 72-425.

As far as the medical factor of disability is concerned, McCabe was assigned a permanent physical impairment rating of 7% whole person. *See* I.C. § 72-422. McCabe's impairment rating is not at issue on appeal. However, a claimant's impairment rating is only one, but not the exclusive, element considered in determining permanent partial disability. I.C. §§ 72-425, 72-427. A disability rating may exceed a claimant's impairment rating after the nonmedical factors are taken into consideration. *Baldner v. Bennett's, Inc.*, 103 Idaho 458, 461, 649 P.2d 1214, 1217 (1982).

Idaho Code § 72-430(1) identifies the essential nonmedical factors: the nature of the physical disablement; the cumulative effect of multiple injuries; the occupation of the employee; the employee's age at the time of accident; all personal and economic circumstances of the employee; and other factors as the Commission may deem relevant. Of particular importance to this case, however, is the requirement that: "In determining percentages of permanent disabilities, account shall be taken of . . . *the diminished ability of the afflicted employee to compete in an open labor market* within a reasonable geographical area." I.C. § 72-430(1) (emphasis added).

McCabe contends that because her post-accident medical restrictions now require her to work in the light to light-medium category she has been excluded from the portion of the open labor market for heavy to medium labor in which she used to work. This Court has, however,

long rejected the assertion that whenever a permanent physical impairment rating is given, the disability rating must exceed the impairment rating. *Houser v. S. Idaho Pipe & Steel, Inc.*, 103 Idaho 441, 445, 649 P.2d 1197, 1201 (1982). Although expert testimony on this issue need not be presented, the burden of proof is upon the claimant to prove disability in excess of her impairment rating. *Bennett*, 106 Idaho at 440, 680 P.2d at 541. Where a claimant has produced no significant evidence in the record which bears on a disability in excess of the permanent impairment rating, an additional award in excess of the impairment may not be sustained. *Smith v. Payette County*, 105 Idaho 618, 622, 671 P.2d 1081, 1085 (1983).

The problem confronting McCabe is that she has presented no substantial evidence, expert or otherwise, bearing on any disability above and beyond the physical impairment rating occasioned by her loss of access to the heavy/medium labor market. *Houser*, 103 Idaho at 445, 649 P.2d at 1202. On the contrary, the only evidence in the record bearing on the subject is that, considering she was over the age of fifty, McCabe had no intention of returning to the other type of work she had done in the past. In response to questioning on the subject of her intention to return to the potato harvest, she replied "you guys are talking about when I was a kid, you know." She stated that it was over 16 years prior to her industrial injuries since she had engaged in heavy labor on farms and that she had only done fish hatchery work for "a little while" during that 16-year period. On the other hand, she stated that she "liked" working in the light labor environment at Jo-Ann Fabrics because it was "easy" and "ideal" and "clean" as opposed to her previous work experience which was "hard" and "cold."

This Court has previously held that "the test for determining whether a claimant has suffered permanent disability greater than medical impairment is ***not*** *whether claimant is able to return to work at some employment.*" *Bennett*, 106 Idaho at 440, 680 P.2d at 541 (emphasis added). Rather, the correct test is whether, after consideration of the pertinent non-medical factors outlined in Idaho Code § 72-430, the claimant's *"probable future ability to engage in gainful activity"* is accurately reflected by the impairment rating. *Houser*, 103 Idaho at 445, 649 P.2d at 1202; *Graybill v. Swift & Co.*, 115 Idaho 293, 294, 766 P.2d 763, 764 (1988).

It is clear from the record the Commission was conscious of McCabe's loss of access to the heavy/medium labor market. However, in the absence of substantial evidence bearing on the negative economic impacts that loss of access to the heavy/medium labor job market has upon McCabe's "probable future ability to engage in gainful activity," this Court is not convinced that,

6

as a matter of law, the Commission erred in finding that she did not suffer a disability in excess of impairment. Without the presentation of evidence to bolster her assertions, McCabe is asking this Court to make an impermissible inferential leap as a matter of law. *Smith*, 105 Idaho at 622, 671 P.2d at 1085. This Court's acceptance of McCabe's position would constitute a judicial usurpation of the expertise of the Commission in determining the weight to be given to her loss of access to the open labor market in relation to the other I.C. § 72-430 nonmedical factors in assessing whether McCabe has suffered a diminution in her probable future ability to engage in gainful activity. Given the absence of any meaningful presentation of evidence by McCabe to support her claim, this Court concludes that the Commission did not fail, as a matter of law, to adequately consider her partial loss of access to the open labor market.

**B. The Commission did not err by considering that McCabe had work available that paid wages equal to or greater than her time of injury position.**

McCabe asserts the Commission erred as a matter of law by considering that she had work available to her that paid wages equal to or greater than her time of injury position in determining that she was not disabled in excess of impairment.

The Worker's Compensation Law was intended only to compensate for loss of earning power. *Olson v. Union Pac. R.R.*, 62 Idaho 423, 112 P.2d 1005 (1941). A worker is considered disabled only if their injury has caused them to suffer a decrease in "wage-earning capacity" as that capacity is affected by the pertinent medical and nonmedical factors. I.C. § 72-102(11). Although it is not in and of itself conclusive, a mathematical comparison of pre and post-injury wages is evidence of an injured worker's ability to engage in gainful activity. *Seese v. Ideal of Idaho, Inc.*, 110 Idaho 32, 34, 714 P.2d 1, 3 (1985).

Despite the fact that she can no longer engage in heavy to medium labor, there is no indication in the record that this has diminished McCabe's wage-earning capacity in excess of her 7% impairment rating. The burden of proving disability in excess of impairment rests with the claimant, not the Commission. *Bennett*, 106 Idaho at 440, 680 P.2d at 541. McCabe has presented no evidence that she had potential for a greater wage-earning capacity in the medium or heavy labor job market as compared to the light or light-medium job market. In the absence of such evidence, the Commission was left to consider Duhaime's report and testimony. He identified appropriate jobs whereat McCabe could earn as much as or more than she was making at her time of injury or at those heavy/medium labor jobs she held earlier in her life.

7

There is a simple explanation for McCabe's failure to present evidence on this subject: she has expressed no interest in pursuing these available jobs. Instead she has chosen to continue working her farm. Because McCabe presented no evidence to contradict Duhaime's opinion that she had not suffered a reduction in wage-earning capacity as a result of her injuries, we conclude that the Commission did not err by considering that McCabe had work available that paid wages equal to or greater than her time of injury position.

**C. There is no indication that the Commission erred as a matter of law by placing too much emphasis on the fact that McCabe can continue to operate her farm.**

McCabe further asserts the Commission erred as a matter of law by placing too much emphasis on the fact that she can continue to operate her farm as a source of income. McCabe maintains that the instant case is analogous to that of *Bennett v. Clark Hereford Ranch*, 106 Idaho 438, 680 P.2d 539 (1984).

*Bennett* involved an illiterate man, with no formal education, who suffered a back injury that prevented him from returning to his trades of construction work, farm labor, and impaired his ability to continue truck driving. *Id.* at 439. The Commission improperly rejected Bennett's claim for disability in excess of impairment because the record reflected that he had continued to work as a truck driver since the accident. *Id.* at 441. The Court reversed and remanded the decision to the Commission because the Commission merely considered, in isolation, the fact that Bennett had continued working as a truck driver after his accident and did not evaluate any of the nonmedical factors as required by law. *Id.* at 443. As the Court explained:

> There is no indication that the Commission examined Mr. Bennett's ability to engage in gainful activity as it is affected . . . by nonmedical factors, such as age, sex, education, economic and social environment. The Commission did not examine such factors as that Mr. Bennett was 43 years of age with no formal education or ability to read or write; that Mr. Bennett could not [sic] longer engage in construction or farm work; or that his ability to drive trucks was diminished by his accident; [or that his financially disastrous attempt to become an independent truck driver "was an economic factor which tended to show that Mr. Bennett was disabled in excess of his medical impairment, not as a factor negating such an award."] . . . The fact that Mr. Bennett was able to continue truck driving does not establish that his ability to engage in gainful activity was not diminished by the nonmedical factors the Commission is required to consider.

*Id.* at 442.

In the instant case, McCabe asserts the Commission erred as it did in *Bennett* because it placed too much emphasis on the fact that she continues to operate her small farm. We disagree. Unlike in *Bennett*, the Commission did not consider the fact that McCabe continues to operate her farm in isolation.

The Commission need not make detailed findings on every fragment of evidence submitted to it. *Swanson v. Kraft, Inc.*, 116 Idaho 315, 319, 775 P.2d 629, 633 (1989). The Commission need only make findings sufficient for it to enable meaningful appellate review. *Davaz v. Priest River Auto Glass Co., Inc.*, 125 Idaho 333, 338, 870 P.2d 1292, 1297 (1994); *Seamans v. Maaco Auto Painting & Bodyworks*, 128 Idaho 747, 751, 918 P.2d 1192, 1196 (1996). It is apparent from the record that the Commission considered the non-medical factors set forth in Idaho Code § 72-430 as they affected McCabe's ability to engage in gainful activity. As permitted by I.C. § 72-506, the Commission adopted the findings of fact, conclusions of law, and recommendation of the Referee as its own. By doing so, the Commission adopted the Referee's findings regarding the essential I.C. § 72-430 nonmedical factors addressed therein. *Zapata v. J.R. Simplot Co.*, 132 Idaho 513, 516, 975 P.2d 1181, 1178 (1999). These findings included, *inter alia*, McCabe's: age; educational background; employment history; occupation at the time of injury; nature of the injury; subsequent impairment; work limitations; post-injury labor market analysis, and; her personal and economic circumstances.

These, and other findings, including Duhaime's report and testimony, are relevant evidence that a reasonable mind might accept to support a conclusion. *Zapata*, 132 Idaho at 516, 975 P.2d at 1181. As the referee stated, it was McCabe's failure to provide evidence, not the fact that she continues to work her farm, that led to the Commission's decision that she had failed to carry her burden in proving that she was disabled in excess of impairment:

> *Whether claimant can continue to work her farm for a profit is not determinative of whether she has sustained a loss of access to the labor market.* Claimant has chosen not to seek work, and had opted to continue with the farm operation as her sole source of income despite the assistance offered to her by ICRD and Mr. Duhaime to find Claimant employment that was less physically demanding and more remunerative.
>
> The only meaningful evidence in the record as to disability in excess of impairment is that presented by Mr. Duhaime in his report and at hearing. That uncontroverted evidence identifies a number of jobs, including her time of injury position, that are regularly available in Claimant's labor market, are within her limitations, and pay as much as or more than she was earning at her job and on the

farm prior to her injuries. Claimant's professed disinterest in seeking other employment leaves the record devoid of any evidence to the contrary.

A determination by the Commission as to the degree of permanent disability resulting from an industrial injury is a factual question committed to the particular expertise of the Commission. *Zapata*, 132 Idaho at 516, 975 P.2d at 1181; *Sund v. Gambrel*, 127 Idaho 3, 5, 896 P.2d 329, 331 (1995). The Court cannot re-weigh the evidence or consider whether it would have drawn a different conclusion from the evidence presented unless it is clearly erroneous. *Excell Constr., Inc. v. Dep't. of Labor*, 141 Idaho 688, 692, 116 P.3d 18, 22 (2005); *Hughen v. Highland Estates*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002); *Lethrud v. State*, 126 Idaho 560, 563, 887 P.2d 1067, 1070 (1995); *Reiher v. American Fine Foods*, 126 Idaho 58, 61, 878 P.2d 757, 760 (1994). There is no indication that the Commission erred as a matter of law by placing too much emphasis on the fact that McCabe can continue to operate her farm. We conclude the Commission's decision was based on substantial and competent evidence and resulted from proper application of the law to the evidence.

## IV. CONCLUSION

The decision of the Commission is affirmed because McCabe failed to meet her burden of proving that she has sustained disability in excess of her undisputed 7% whole person impairment. Costs on appeal are awarded to the Respondents pursuant to I.A.R. 40.


Chief Justice EISMANN, Justices BURDICK, J. JONES, and W. JONES, **CONCUR**.